RUFUS CRAWFORD, ALIAS JAMES WELLS, v. THE STATE.

*No. 7630. Decided June 4.*

1. **Forgery of Order—Place of Signature of Purported Drawer.** Where on the trial for forgery of an order for money, the name of the purported drawer appeared at the beginning of the instrument and not elsewhere in the same, and it was objected that such instrument, if true and genuine, would not create a pecuniary liability because not signed by the purported drawer, *held*, that in order to bind a party to a written contract or agreement it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the instrument it may be taken as his signature, provided it is written for the purpose of giving authenticity to the instrument. It makes no difference where his name appears.

2. Same — Not Necessary that a Forged Order be Accepted.—
It is not necessary, to constitute forgery, that the forged order should have been
accepted or the money paid to the defendant by the drawee.

3. There Can be but One Conviction on an Indictment Charg-
ing in Separate Counts Different Offenses. — Where an indictment
charges in one count forgery, and in another count the uttering or passing the
alleged forged instrument, there can be but a single conviction for one of said
offenses. Where two or more felonies are charged in the same indictment, the
presumption is they are parts of the same transaction, and are to be sustained
by the same evidence; and while they all may be submitted to a jury, there can
be but one conviction which, as it were, appropriates the guilty intent which
runs through and connects these several acts or offenses and makes them one.

APPEAL from the District Court of Hopkins. Tried below before Hon.
E. W. TERHUNE.

The indictment against appellant contained two counts, the first for
forgery and the second for uttering the alleged forged instrument. On
the trial of the case the learned judge instructed the jury, in his charge,
in substance, that they might return a verdict of guilty, if they found de-
fendant guilty upon both counts in the indictment, and assess a separate
punishment for each offense; or that they might find the defendant guilty
on one count, and not guilty on the other. The verdict of the jury was
as follows:

"We the jury find the defendant, Rufus Crawford, alias James Wells,
guilty of forgery as charged in the first count in the indictment, and we
assess his punishment at confinement in the penitentiary for two years.
And we the jury further find the defendant, Rufus Crawford, alias James
Wells, guilty of knowingly passing as true a forged instrument in writ-
ing, as charged in the second count in the indictment, and we assess his
punishment at confinement in the penitentiary for two years.

"C. S. MAYS, Foreman."

The judgment of the court was in accordance with the verdict of the
jury, and assessed two separate punishments, the one being for forgery
and the other for uttering a forged instrument.

Defendant made a motion for new trial, and in arrest of judgment,
presenting two questions: 1. Is the order on which the forgery is as-
signed such an instrument in writing as is the subject of forgery? (A
copy of the order will be found in the opinion of the court.—REPORTER.)
2. Can a person be charged with forgery and uttering a forged instru-
ment, in separate counts in the same bill, and be convicted and sentenced
for both offenses?

In deciding these questions, and overruling these motions, the learned
trial judge filed an elaborate opinion, which was incorporated in and
came up as a part of the record in this case on appeal.

In support of the first proposition, viz., that the instrument was one

that would support a prosecution and conviction for forgery, he cites Penal Code, art. 431; Rembert v. The State, 53 Ala., 467; Hendricks v. The State, 26 Texas Ct. App., 176; Rollins' case, 22 Texas Ct. App., 548; Williams' case, 24 Texas Ct. App., 342.

On the question as to the place of signature of the drawer, he cites, Fulcher v. Randon, 18 Texas, 277; Prince v. Thompson, 21 Texas, 481; Newton v. Emerson, 66 Texas, 146; 3 Pars. on Cont., sec. 8; 1 Rand. on Com. Paper, sec. 65; 1 Dan. Neg. Inst., sec. 74; Bish. on Cont., sec. 344.

On the second proposition, viz., that the defendant could be convicted of two felonies set up in two separate counts, in the same indictment, the learned judge cited, Code Crim. Proc., art. 433; Keeler's Case, 15 Texas Ct. App., 114; Chester's case, 23 Texas Ct. App., 581; 1 Bish. Proc., secs. 1125–1131; 1 Bish. Crim. Proc., 436; Commonwealth v. Eaton, 15 Pick., 273–275; Code Crim. Proc., art. 714; Borens' case, 23 Texas Ct. App., 28; Code Crim. Proc., art. 800.

No briefs for either side have come into the hands of the Reporter.

SIMKINS, JUDGE.—Appellant was indicted for forgery and uttering the forged instrument, and under the charge of the court was found guilty of both offenses, and punished by two years in the penitentiary for forgery, and was further punished by two additional years in the penitentiary for uttering the forged instrument, and appeals to this court.

The alleged forged document was as follows: " T. L. Junell, at Home. Mr. S. P. Mann, pay to James Wells $1 and a half, and I will pay you. I have got no change." The indictment charged that the defendant made this instrument on the 19th day of June, 1891, in Hopkins County, with intent to injure and defraud, and with the purpose of presenting it to S. P. Mann as the act of T. L. Junell, and representing that he was James Wells, the payee. The second count alleged that the defendant, on the 19th day of June, 1891, did knowingly and fraudulently pass as true to S. P. Mann the forged instrument above described, and represented that he was James Wells, the payee, and that the said instrument was the act of T. L. Junell, and it was made to enable the said James Wells to get $1.50 in said instrument mentioned.

There are three questions in the case we desire to notice:

1. Defendant objected to the introduction of the instrument on the ground of variance. The original instrument is sent up in the record, but on inspection, we can not say that the court erred in admitting it to the jury.

2. Defendant moved in arrest of judgment, because the instrument alleged to have been forged is not such an instrument which, if true, would create pecuniary liability. It can not be denied that if the name of the

proposed drawer of the order, T. L. Junell, had been signed at the end instead of the beginning, the instrument would have been a valid, legal order, binding upon him, such as would sustain an indictment. Hendrick's case, 26 Texas Ct. App., 177. Does the place where the signature of T. L. Junell appears, had he in truth given the order, make any difference, so far as his liability is concerned? The rule, as laid down by the authorities, is that if the maker intended to be bound by the order or written instrument, it makes no difference where his name appears. This is settled by elementary writers, and is now the law of this State. In Fulshear v. Randon, 18 Texas, 277, it is held that, in order to bind a party to a written contract or agreement, it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement it may be taken as his signature, provided it is written for the purpose of giving authenticity to the instrument. Newton v. Emerson, 66 Texas, 145; 3 Pars. Cont., secs. 8, 344; 1 Dan. Neg. Inst., sec. 74. The instrument, then, if genuine, would have created a pecuniary obligation on the part of Junell to pay S. P. Mann $1.50, in case he, Mann, paid the order; that is to say, if paid it could be the basis of a civil action for damages in case of a failure on the part of Junell to pay it in accounting between Mann and himself. It was not necessary, under the decisions of this court, that the order should be accepted or the money paid to defendant by S. P. Mann to constitute forgery. Keeler's Case, 15 Texas Ct. App., 111; Hendrick's Case, 26 Texas Ct. App., 177. The court did not err in refusing to arrest the judgment on this ground.

3. Can defendant be convicted of two felonies under the same indictment, and be punished for each? The learned trial judge admits in his argument that there is no precedent for such a proceeding as the one at bar to be found in the Texas decisions, nor, indeed, can any well considered case be found in any State, except in those courts in which the judge assesses the punishment, and where he is limited in the aggregate to the highest punishment that can be given upon any one count. We have no such law in Texas. We have no desire to establish any such precedent, and certainly have no occasion to do so in a case like this, in which a paltry order for $1.50 was drawn by an ignorant negro, in his employer's name (for whom he was working on shares), upon a country merchant.

The object in inserting various counts in an indictment is not to secure separate convictions for as many counts, but to meet the various phases of the testimony; and it is permissible and proper to charge all the felonies which go to make up the offense committed by the defendant, but not to charge different offenses committed at different times and in different transactions. If that could be done, a man could be crushed by accumulating charges, or injured by their solemn presentation to the jury. Where two or more felonies are charged in the same indictment, the presumption is, they are parts of the same transaction, and are to be

sustained by the same evidence; and while they all may be submitted to a jury, there can be but one conviction, which, as it were, appropriates the guilty intent which runs through and connects these several acts or offenses and makes them one.    Mr. Bishop, in his Criminal Procedure, section 448, declares that, under the doctrine prevailing in England and most of the States, there can not be joinder of offenses so as to include separate transactions.    Mr. Archbold says:  " Offenses of the same character, though differing in degree, may be united in the same indictment, and the prisoner tried on both at the same time, and on the trial he may be convicted on the one and not upon the other; as murder and manslaughter; forging a check, and for publishing it, knowing it to be false."    Archb. Crim. Proc., 295, note; Boles' case, 13 Texas Ct. App., 656.

In the well considered case of The State v. Lincoln, 49 New Hampshire, 471, the court says:  " Where different offenses are joined in one indictment, the prosecutor will not be compelled to elect at the outset, for that would take away all the advantage of adapting the indictment to the contingencies of the evidence; but the court will always take care that the defendant is not convicted of two offenses under the same indictment."    In McGregor's case, 4 Blackford, 103, the court says:  " In an indictment for felony, different counts are drawn with a view to one and the same transaction, so that some one count may be found on the trial to be in accordance with the evidence.    This is legitimate, but it sometimes happens that the prosecutor's object in inserting different counts is really to prosecute the defendant for separate offenses by one indictment.    This he has no right to do, and when ascertained before the trial, the court will defeat his design.

In The People v. Lipscomb, 60 New York, 574, the court, on review of authorities, correctly says:  " In theory every count is an indictment for a distinct offense; but, in fact, several counts are resorted to, and the offense stated in different forms and in different circumstances to meet the evidence adduced on the trial, but in no event could there be in such cases more than a single punishment."    If we turn to the decision of our own State, we find that even in burglary cases, where theft or other offenses are also committed, and where our statute declares that the punishment for such theft or offenses shall be additional to that of burglary (Penal Code, articles 711, 712), this court holds that when both the burglary and theft are charged in the same indictment, and defendant is convicted, there is a merger of the two offenses, and it is a bar to a subsequent indictment.    Howard v. The State, 8 Texas Ct. App., 447. In the Miller case, 16 Texas Court of Appeals, 417, Judge Willson, in responding to the question,  "In an indictment charging both burglary and theft, can a conviction and punishment be sustained for each offense?" replies,  " No," because the burglary would include the theft, and he re-

versed the case.    He held it was no objection to the indictment that it
charges both burglary and theft, but when so charged a conviction can
not be had for both offenses, and a separate punishment assessed for each,
or a joint punishment for both.    16 Texas Ct. App., 417; Shepherd's
case, 42 Texas, 501.    This is the only class of crime in which the statute
specifically permits punishment for two distinct offenses, though forming
parts of the same transaction; and yet this court holds that it requires
separate indictments to do so, and, further, that when burglary and theft
are charged in one indictment, it is a bar to another prosecution, and
the plea of autrefois convict would be good.    How much stronger, then,
the reason for refusing to sustain a double conviction in the case at bar.
The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.