JOHN M. PITTS v. THE STATE.

No. 1666. Decided June 7, 1899.

1. **Forgery—Indictment—Counts—Verdict and Judgment.**

It is proper in an indictment for forgery, in separate counts, to charge both for forgery and uttering the forged instrument; but a conviction for both the offenses could not be legally had though thus charged, and a general verdict and judgment can not be upheld.

2. **Same—Limitations—Charge.**

On a trial for forgery by alteration of a deed, where it appeared that the alleged forgery occurred more than ten years before the finding of the indictment, it was error for the court to refuse to instruct the jury, if they so believed, that then the offense would be barred by limitations, and they should acquit.

3. **Evidence—Examined Copy.**

An examined copy of an instrument is not admissible in evidence unless the loss of the original has been sufficiently accounted for.

4. **Withdrawal of Improper Evidence.**

Where the court, after having improperly permitted a witness to testify as to his opinion, withdraws such testimony and instructs the jury to disregard it, the error ordinarily ceases to be of sufficient importance to require a reversal.

APPEAL from the District Court of Bosque. Tried below before Hon. J. M. HALL.

Appeal from a conviction for both forgery and uttering a forged instrument; penalty, five years imprisonment in the penitentiary.

No statement necessary.

*Word, Dillard & Word,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment, in the first count, charges forgery by altering a deed, and in the second charges uttering the same instrument. Both counts were submitted by the court in the charge. The verdict was general, and in the following language: "We the jury find the defendant guilty as charged, and assess his punishment at confinement in the State penitentiary for five years." The judgment entered upon this verdict adjudges appellant guilty of the "offense of forgery, and knowingly and fraudulently uttering, publishing, and using as true and genuine a forged instrument." The sentence follows the judgment; and is pronounced for both violations in the same language as found in the judgment. It was proper in separate counts to charge both forgery and uttering the forged instrument, but a conviction could not be had for both offenses, though thus charged, nor a separate punishment for each. Miller v. State, 16 Texas Crim. App., 417; Crawford v. State, 31 Texas Crim. Rep., 51. With reference to the count setting up the alteration of the deed, appellant asked the court to instruct the jury, if the forgery occurred more than ten years prior to the presentment of the indictment, they should acquit of that offense. This charge should have been given.

There is no testimony in the record specifically showing when the forgery occurred. There are facts and circumstances tending to show that it might have been committed, if at all, ten years or more before the finding of the indictment. The deed was executed January 6, 1877, and was filed for record in November, 1880, and recorded the following month. Some years subsequently appellant claims that the original record of the deed was erroneous in the particulars in which the forgery is charged to have occurred, and to cure that he had the deed re-recorded in 1894. The indictment was presented on August 21, 1898. So if, under the facts, the jury should believe there was a forgery, and that it occurred more than ten years before the 21st of August, 1898, the offense of forgery would be barred.

The court did not err· in refusing to permit the introduction of the ·examined copy of the original field notes, which formed the basis of the deed. The loss of the original was not sufficiently accounted for, and there was not sufficient diligence used in hunting up said original field notes.

As presented by another bill, no prejudicial error is shown in the action ·of the court permitting Robertson to testify that in his opinion the alter-.ation occurred within two years from the time he saw the instrument, in September, 1894, because this testimony was withdrawn from the jury, and they instructed to disregard it. We do not believe this error, as pre-:sented, is of sufficient importance to reverse the judgment. For the rea-:sons indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*