## GEORGE MOORE v. THE STATE.

### No. 5005.  Decided April 24, 1918.

**1.—Theft—Receiving Stolen Property—Verdict—Judgment.**

Where the indictment charged the defendant in one count with theft and in another count with fraudulently receiving stolen property, and the court submitted both counts, whereupon the jury found defendant guilty on both counts and assessed his punishment at confinement in the State penitentiary for five years, and the court entered a judgment thereon declaring defendant guilty of theft and condemning him to confinement in the penitentiary for not less than two nor more than five years. Held, that the verdict does not support the judgment and the same is reversed and the cause remanded.

**2.—Same—Verdict—Practice in District Court—Statutes Construed.**

Article 773, Code Criminal Procedure, puts it in the power of the trial judges to direct the correction of an informal verdict and places the duty upon him to determine its sufficiency and to refuse to receive a defective one. And if a verdict appears insufficient to support the judgment the matter is fundamental. Article 744, C. C. P., with reference to bill of exceptions, does not apply. Following Taylor v. State, 14 Texas Crim. App., 340, and other cases.

**3.—Same—Verdict—Judgment—Practice in District Court.**

Where defendant was charged with both theft and receiving stolen property, both of which were submitted to the jury, a general verdict could have been applied to either offense. Following Rosson v. State, 37 Texas Crim. Rep., 87. But where a verdict is specific finding that defendant is guilty of each of the offenses charged, a judgment declaring him guilty of theft can not be sustained. Following Crawford v. State, 31 Texas Crim. Rep., 51.

**4.—Same—Principals—Charge of Court.**

Upon another trial the charge of the court should not submit the count on fraudulently receiving stolen property, but only that on theft, and give a proper charge on principals.

Appeal from the District Court of McLennan.  Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Kibler, Shurtliff & Cummins,* and *Chas. L. Black,* for appellant. —Cited Rhea v. State, 70 Texas Crim. Rep., 285, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, *Jno. B. McNamara,* and *D. C. Woods,* for the State.

MORROW, JUDGE.—Appellant was charged by indictment with theft and in the same indictment, by separate count, with fraudulently receiving stolen property.

The facts are sufficient to lead to the conclusion that one Oscar Kimball and the appellant acting together stole an automobile, the property of Templeton.  The theft charged was based upon these facts and the

receiving stolen property is alleged to have been from Oscar Kimball, the same person who acted with appellant in the theft. Each of the counts were embraced in the charge; the verdict received is as follows: "We, the jury, find the defendant guilty on both counts and assess his punishment at confinement in the State penitentiary for five years." The court on this verdict entered a judgment declaring appellant guilty of theft and condemning him to confinement in the penitentiary for not less than two nor more than five years.

Appellant insists that the verdict does not support the judgment. That the verdict is informal is conceded by the State, but its counsel insists that the failure to call the court's attention to it at the time constitutes a waiver of its defect. We are of the opinion that article 744, touching bills of exception, is not directed to objections to the form or substance of a verdict. The statute, article 773, puts it within the power of the trial judge to direct the correction of an informal verdict, and, we think, places the duty upon him to examine it and determine its sufficiency, and to refuse to receive a defective one. Taylor v. State, 14 Texas Crim. App., 340; Black v. State, 68 S. W. Rep., 683, and other cases cited in Vernon's C. C. P., p. 582. The statute, article 837, subdivision 9, makes the fact that the verdict is contrary to law a ground for motion for new trial. The judgment is based on the verdict which must be shown in the judgment entered. C. C. P., art. 853. If the verdict appears insufficient to support the judgment the matter is fundamental. Cyc., vol. 2, p. 707; Bennett v. Butterworth, 11 Howard (U. S. Rep.), 669, 13 L. E., 859.

The indictment contained two separate offenses, theft and fraudulently receiving stolen property. Brown v. State, 15 Texas Crim. App., 581; Gaither v. State, 21 Texas Crim. App., 527; Wheeler v. State, 34 Texas Crim. Rep., 350; Fernandez v. State, 25 Texas Crim. App., 538; Street v. State, 39 Texas Crim. Rep., 134; Clark v. State, 194 S. W. Rep., 1157. In the Brown case, 15 Texas Crim. App., supra, the court says: "A theft must be perfected before that of receiving stolen property can be perpetrated and the receiver of the stolen property must be another person than the thief."

The verdict in question finds that the appellant took the automobile under circumstances constituting theft. It also finds that another person stole it, and that appellant, after the theft, fraudulently received the property. A general verdict could have been applied to either offense charged in the indictment and supported by the evidence. Rosson v. State, 7 Texas Crim. App., 87.

The verdict here is not general, it is a specific finding that appellant is guilty of each of the offenses charged. A holding that such a verdict does not support the judgment is made by the Supreme Court of Massachusetts in Commonwealth v. Haskins, 128 Mass., 60, and from which we quote as follows: "By that record it appears that there had been the larceny of a cow, and but one larceny of that cow. The defendants

were charged in one count of the indictment with such larceny, and in the second count with having received her knowing her to have been thus stolen. It is certain that defendants could not be guilty upon both counts, because in law the guilty receiver of stolen goods can not himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself has stolen." This is supported by the case of Crawford v. State, 31 Texas Crim. Rep., 51, wherein an indictment was for forgery and uttering the forged instrument, charged in separate counts. The verdict, like that in the present case, was specific in finding guilty of each offense. The court in an opinion reviewing the authorities held the verdict did not support the judgment.

From the State's standpoint the appellant and Kimball acted together in theft of the automobile. If guilty, he is a principal in the theft, and upon another trial, the evidence being in substance the same, the case should be submitted upon the theory that he and Kimball acted together in the theft, and the charge on fraudulently receiving stolen property should be omitted.

Because the verdict does not support the judgment rendered it is reversed and remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.