JOHN KNOTT v. THE STATE.

No. 7233. Decided November 29, 1922.

Rehearing granted January 17, 1923.

**1.—Theft—Bill of Exceptions.**

Where the bills of exception were in question and answer form, and besides showed no reason or surrounding facts pertinent to the objections made, the same could not be considered on appeal, and there was no reversible error on that ground.

**2.—Same—Rehearing—Conviction for Two Offenses—Verdict—Judgment.**

Where the indictment contained two counts, one for theft and the other for receiving and concealing stolen property, both of which were submitted to the jury, who found a general verdict of guilty as charged in the indictment, assessing defendant's punishment at five years imprisonment in the penitentiary, and the court adjudged defendant guilty of both offenses as charged in the indictment, the same was reversible error. Following Moore v. State, 83 Texas Crim. Rep., 302, and other cases. Disapproving Schwartz v. State, 18 S. W. Rep., 415.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable George E. Hosey.

Appeal from a conviction of theft and receiving and concealing stolen property; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. S. Lattimore,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of theft, and his punishment fixed at five years in the penitentiary.  There is no brief on file for appellant.

The record contains seven bills of exception, an examination of which established the fact that each of said bills of exception is in question and answer form, which practice has been uniformly condemned by this court and held to be sufficient cause for refusal to consider such bills, except in those cases wherein it becomes a material fact as to the form of some particular question complained of.  No complaint is made of the form of any particular question.  Blonk v. State, opinion handed down November 8, 1922; Kolb v. State, 91 Texas Crim. Rep., 572, 240 S. W. Rep., 311.

However if the fact of said bills being in question and answer form should for any reason be overlooked by us, each of same is subject to the further objection that nothing is made to appear therein of the antecedents or surrounding facts pertinent to the objections made and from which this court might obtain any light upon the proposition embraced in the objection.  It is uniformly held by this court that to entitle a bill of exceptions to consideration such bill must present facts which of themselves sustain the proposition of error announced in the bill.

The indictment appears to be in regular form, and the charge of the court was so acceptable to appellant as that he presented no exceptions thereto.  The evidence shows the taking of an automobile from its owner in Tarrant County and its possession by appellant shortly thereafter.  The facts sufficiently support the verdict.

No error appearing in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 17, 1923.

HAWKINS, Judge.—We adhere to the original opinion in so far as the matters therein discussed are questioned.  Appellant, however, calls our attention to a matter which was not presented upon the original

hearing and which we think calls for a reversal of the judgment. The indictment contained two counts, one for theft and the other for receiving and concealing stolen property. Both counts were submitted to the jury and a general verdict returned finding appellant "guilty as charged in the indictment," and assessing his punishment at five years confinement in the penitentiary. Upon this general verdict the court adjudged appellant guilty of *both* offenses, that is, theft of the property and also of receiving and concealing it. The sentence followed the judgment and condemns appellant to confinement in the penitentiary for five years upon conviction for both offenses. No question was raised in the court below with reference to the judgment, but is for the first time presented upon motion for rehearing. It is urged that appellant cannot be convicted for two felonies on one trial under one indictment, and that it is a matter of such fundamenal error as calls for a reversal. That a conviction cannot be had for two felonies on one indictment is well supported by authorities. Crawford v. State, 31 Texas Crim. Rep., 51; Pitts v. State, 40 Texas Crim. Rep., 667; Miller v. State, 16 Texas Crim. App., 417; Moore v. State, 83 Texas Crim. Rep., 302, 203 S. W. Rep., 51; Banks v. State, (No. 6883, opinion delivered Dec. 20, 1922.) The Moore case, (supra) makes it apparent that conviction for theft and also for receiving and concealing the same property are inconsistent and cannot be permitted to stand. The difference between the Moore case and the present one is that in the former the verdict itself found appellant guilty of both offenses, whereas in the instant case the verdict is general, but the order of the court adjudges him guilty under both counts. It is the rule that a general verdict may be applied to whichever of plural counts in the indictment is supported by the proof. (Vernon's Crim. Stat., Vol. 2, Sec. 12, page 577, and cases collated under said section.) The court did not apply the general verdict in the instant case to one of the counts but to both, and the question arises as to whether under Article 938, C. C. P., we have authority to reform and correct the judgment under the facts as presented in the record. The Article in question provides, in part:

"The Court of Criminal Appeals may affirm the judgment of the court below or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require . . ."

The general rule deduced from the opinions of this court construing the article of the statutes just quoted is stated by Mr. Branch in his Ann. Tex. P. C., p. 399, Sec. 668, as follows:

"The Court of Criminal Appeals has power to reform and correct the judgment as the law and the nature of the case may require, and when on appeal the court has the same data for the reforming or correction of the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal."

93 T. C.—16

This rule is supported by the authorities collated under the section referred to. Judge Wilson, in Miller v. State, 16 Texas Crim. App., 417, expresses doubt as to the province of the court to reform a judgment under the circumstances presented in this case but we have been unable to find where the Miller case has been followed, and Schwartz v. State, 18 S. W. Rep., 415 does not appear to be in conformity with the Miller opinion. We would not be inclined to follow the latter if we could under the facts of the present record correct and reform the judgment without injustice to appellant.

As has already been stated, the court submitted both counts. Nowhere in the charge are the jury told to specify under which count, if any, they might find appellant guilty. That he could not be guilty under both is manifest from what has already been said herein, and from the opinion in the Moore case (supra) and other cited. The jury found appellant guilty as charged in the indictment; they may have understood from the court's charge that he could be found guilty under both counts. They assessed his punishment at confinement in the penitentiary for five years, two years being the minimum. There is no way for us to ascertain whether the jury undertook to assess a joint punishment for both offenses or not. They may have done so. The evidence in the record would support a conviction under either count. Manifestly, it is impossible to say whether a reformation by this court of the judgment in question referring the verdict to either one of the two counts, both of which are supported by the evidence, would not under the circumstances result in an injustice to appellant.

For this reason it becomes necessary to set aside the judgment of affirmance heretofore rendered, to reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*