JOHN MODICA v. THE STATE.

No. 6868.   Decided February 14, 1923.

Rehearing Denied May 23, 1923.

1.—Theft—Practice on Appeal.

In the absence of bills of exception matters mentioned in the brief and motion, for new trial cannot be reviewed.   Following Sharp v. State, 71 Texas Crim. Rep., 633.

2.—Same—Indictment—Description of Property.

Where, upon trial of theft, the indictment described the property as four cases of oil clothing, six cases of tobacco, five sacks of beans, and one case of milk, giving the value of each, the description was sufficient.   Following Johnson v. State, 42 Texas Crim. Rep., 104.

3.—Same—Practice in Trial Court.

Where the jury acquitted the defendant of burglary exceptions to the charge of the court relating to the subject of burglary pass out of the case.

**4.—Same—Owner of Property—Corporation.**

There is no rule of law which inhibits the naming of a corporation as the owner in an indictment for theft. The better practice would be, however, to place the ownership in an individual, to make it easier to prove want of consent. Following Osborne v. State, 245 S. W. Rep., 928.

**5.—Same—Election by State.**

There being evidence supporting the averment in each of the counts, both charging theft, the court was not in error in refusing to require the State to make an election. Following Thompson v. State, 32 Texas Crim. Rep., 265, and other cases.

**6.—Same—Evidence—Charge of Court.**

In the absence of a bill of exceptions to the admission of testimony with reference to receiving stolen property, and in view of the instructions of the court confining the testimony to the credibility of the witness, there is no reversible error.

**7.—Same—Continuance—Want of Diligence.**

The court was warranted in overruling the application for continuance for want of diligence, besides there was no bill of exceptions to the action of the court, and the matter cannot be reviewed.

**8.—Same—Change of Court—Ownershp—Possession.**

Where the court instructed the jury that by ownership or possession was meant the actual care, control and mangement thereof; that the possession might be either actual or constructive; that constructive possession was that possession which the law annexes to the legal title or ownership of property when there is a right to the immediate actual possession, there is no reversible error in the facts of the instant case.

**9.—Same—Ownershp—Charge of Court—Agent.**

Where, upon trial of theft, the court in his charge told the jury that if they believed that the property was not under the care, control and management of the agents named, to acquit the defendant, there was no error in not instructing the jury as to the control of the property by the yardmaster.

**10.—Same—Cross-Examination—Evidence.**

Where, in response to a question by defendant's counsel on cross-examination, the witness said that he did not know the truck was being used for the purpose of stealing, and there was no motion to exclude that testimony, and the State's counsel was not responsible for this declaration of the witness, there is no reversible error.

**11.—Same—Value—Charge of Court.**

Where, upon trial of theft it was shown by sufficient evidence that the value of the goods exceeded fifty dollars, and the court properly submitted the subject of values, there is no reversible error.

**12.—Same—Accomplice—Charge of Court.**

Where two of the witnesses were accomplices as a matter of law, and it was so charged to the jury, and another witness whose complicity was in doubt, was submitted to be determined by the jury as to whether he was an accomplice, there is no error.

**13.—Same—Principal—Declaration by Defendant.**

Where, upon trial of theft, defendant and his companion were principals in the commission of the alleged offense. there was no error in admitting

the declarations of the defendant to his said companion. Following Windham v. State, 128 S. W. Rep., 1130.

### 14.—Same—Moral Turpitude—Cross-Examination.

Where defendant in the cross-examination of a State's witness asked him if he had not been convicted of a certain offense while in the army and served a term in the Federal penitentiary, there was no error in permitting the State to prove by the same witness that he had been honorably discharged from the army.

### 15.—Same—Alibi—Charge of Court.

Where, upon trial of theft, defendant's testimony presented the theory of alibi, and the court properly instructed the jury that the burden was upon the State, to refute the truth of the defendant's declaration that he had spent the night in question at the home of his sister, and properly submitting the reasonable doubt, etc., there is no reversible error.

### 16.—Same—Rehearing—Verdict—Separate Felonies.

Where, by the verdict of the jury, upon trial of theft in an indictment containing two separate counts for that offense, found defendant guilty of theft of property over the value of fifty dollars in both counts of the indictment and assessed his punishment at confinement in the penitentiary for seven years, thus finding defendant guilty of two separate felonies, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Davidson.

Appeal from a conviction of theft upon two separate counts for felony; penalty, seven years imprisonment in the penitentiary.

Opinion states the case.

*Howth & O'Fiel,* and *Lamar Hart,* for appellant.—On question of convicting defendant on two separate felonies. Commonwealth v. Fitchburg Ry. Co., 120 Mass., 372; Boren v. State, 4 S. W. Rep., 465. On question of insufficient description of property, Roberts v. State, 61 Tex. Crim. Rep., 434; Martinez, v. State, 16 Tex. Crim. App., 128; Keipp v. State, 103 S. W. Rep., 392; Williams v. State, 140 id., 447; Saddler v. State, 20 Tex. Crim. App., 196.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of seven years.

The record contains many pages, and the bills of exceptions are numerous. However, they have all been considered in connection with the brief of the appellant.

Some matters are mentioned in the brief and motion for new trial which are not reviewable because not preserved by bills of exceptions. See Vernon's Tex. Crim. Stat., Vol. 2, p. 536, note 20, and cases cited; also Sharp v. State, 71 Texas Crim. Rep. 633. It would require more

words than we feel justified in incorporating in the opinion to discuss in detail all of the matters presented.

The indictment described the property as four cases of oil clothing, six cases of tobacco, five sacks of beans and one case of milk, giving the value of each. The indictment was not bad for want of more definite description. Branch's Ann. Tex. Penal Code, Sec. 2442; Johnson v. State, 42 Texas Crim. Rep. 104, and other cases listed by Mr. Branch.

Several exceptions to the charge relate to the subject of burglary. The jury acquitted the appellant of burglary, and the references to it passes out of the case.

The indictment contains several counts. The first count charges the burglary of a railroad car, the property of F. W. Nason; the second count charges theft of the same property from F. W. Nason; the third count charges the receiving and concealing of the same property, knowing it to have been stolen; the fourth count charges burglary of a railroad car occupied and controlled by the Beaumont, Sour Lake & Western Railway Company, a corporation; the fifth count charges theft of the same property from the Beaumont, Sour Lake & Western Railway Company, a corporation; and the sixth count relates to receiving and concealing of the same property, knowing it to have been stolen by some person unknown to the grand jury.

In submitting the case to the jury, the court embraced the two counts charging burglary and the two counts charging theft. The jury returned the following verdict:

"We, the jury, find the defendant, John Modica, guilty of theft of property of $50.00 or over in value, in counts two and five of the indictment and assess his punishment at confinement in the penitentiary for seven years."

The court entered a judgment finding the appellant guilty of theft.

In the fifth count, the owner was named as the Beaumont, Sour Lake & Western Railway Company, a corporation. There is no rule of law which inhibits the naming of a corporation as the owner in an indictment for theft. There is nothing in the cases of Green v. State, 82 Texas Crim. Rep., 420, 199 S. W. Rep. 623; Hartman v. State, 85 Texas Crim. Rep., 582, 213 S. W. Rep. 939; White v. State, 28 Texas Crim. Rep. 231, or other cases cited by the appellant which is opposed to this rule. On the contrary, the cases of White v. State, 24 Texas Crim. App. 231; and Thurmond v. State, 30 Texas Crim. App. 539, cited by appellant, recognize the sufficiency of an indictment naming the corporation as the owner. They suggest that a better practice would be to place the ownership in an individual. The practical value of this suggestion is referable to the proof rather than the averment, in that the proof of want of consent is much easier when the averment places the ownership in an individual. On this

subject, see Osborne v. State, 93 Texas Crim. Rep. 54, 245 S. W. Rep. 928; also Bishop's New Crim. Proc., Sec. 138; Cyc. of Law & Proc., Vol. 25, p. 95; Wharton's Crim. Law, Sec. 1180.

After the trial had progressed for several days, the State dismissed the counts in the indictment charging the fraudulent receiving and concealing of stolen property. Upon this dismissal, appellant made a motion in writing to require the court to elect as between the several counts charging burglary and theft. There being evidence supporting the averment in each of the counts, the court was not in error in refusing to require the State to make an election. Branch's Ann. Tex. P. C., Sec. 2435; Thompson v. State, 32 Texas Crim. Rep. 265; Robinson v. State, 56 Texas Crim. Rep. 62; Bishop's New Crim. Proc., Vol. 1, Sec. 451. In the case of Keeler v. State, 15 Texas Crim. App. 113, cited by appellant, the practice pursued in the instant case is commended in the opinion written by Judge Hurt. The annotations of that case in Rose's Notes on Texas Reports, 1910 Ed., Vol. 5, p. 349, approve the rule announced in the Keeler case.

On the trial, the State introduced evidence tending to show that the witness Scott had stolen property from a mercantile establishment and that the appellant had received it. After the dismissal of the counts charging the receiving of stolen property, the court instructed the jury that this evidence of the witness Scott was not to be considered against the appellant. The court had stated in admitting this evidence that it was on the count in the indictment charging the receiving and concealing of stolen property. The State introduced testimony to the effect that on the 7th of August there had been burglary of freight-cars belonging to the railroad company named in the indictment and also introduced evidence tending to connect the appellant with the burglary and also with the possession of the fruits of that crime, also showing that he had been indicted for that offense and that he had also been indicted for other alleged thefts and burglaries. The court instructed the jury that the indictments for the other offenses of burglary and theft could be considered alone upon the issue of the credibility of the appellant who testified as a witness in his own behalf and as bearing upon the system, according to the State's theory, in which the offense on trial was committed. We do not find any bill of exceptions to the admission of this testimony, and we think the manner in which the jury was instructed with reference to it is not subject to the objections made.

A system of railroads known as the Gulf Coast Lines extends from New Orleans to Brownsville. One of the connecting lines constituting this system is the Beaumont, Sour Lake & Western Railway Company. A part of this line is situated in Jefferson County and in the city of Beaumont, where it maintains yards and terminals. The local agent of that company at Beaumont at the time the offense was charged to have taken place was F. W. Nason. In the yards of the

Beaumont, Sour Lake & Western Railway Company situated at Beaumont there was car No. 2215, belonging to the New Orleans, Texas & Mexico Railroad Company, and car No. 262, 321 belonging to the New York Central Railroad Company. These cars were standing in the yards of the Beaumont, Sour Lake & Western Railway Company at Beaumont on the night of the 17th day of August, 1921. They had each been loaded with merchandise delivered to that railway company for shipment. The employees of the railway company had loaded the cars and placed seals upon them, and they were placed in the yards in order that they might be taken to their destination. The merchandise was checked into the cars by an employee of the company, who was a witness, and who had personal recollection of the property. One the night of the 17th of August, these cars were broken open and the merchandise described in the indictment was taken from them. The parties were caught in the act of removing the stolen property, and the witness Williams, who testified as an accomplice, and the appellant were identified as being present at the time. They were both arrested on the ground.

The stolen property was recovered. A part of it was on the ground near the truck and the cars from which the property was taken, and the remainder was found on appellant's premises in the house occupied by McCloney. The value of the property was proved.

In appellant's brief complaint is made of the refusal of the court to grant the application for continuance. We think the court was warranted in overruling it for want of diligence to secure the absent witness. However, we find no bill of exceptions taken to its refusal, and for that reason the matter is not presented for review. Branch's Ann. Tex. P. C., Sec. 304.

In instructing the jury upon the possession or ownership, the court stated, in substance, that by ownership or possession was meant the actual care, control and management thereof; that the possession might be either actual or constructive; that constructive possession was that possession which the law annexes to the legal title or ownership of property when there is a right to the immediate actual possession. As applied to the facts of the instant case, this charge was not erroneous in our judgment. The railroad cars were in the yards of the railroad company, all of whose property situated at Beaumont was under the care, control and management of the agent Nason. In them there had been placed property which was in his possession as agent and which belonged to the railway company; and, according to his directions, the cars had been sealed and were ready for shipment. He was not present at the cars at the time the seals were broken by the appellant and his companions, but the property was still under his care, control and management. It was not improper for the jury to understand that his absence from and immediate touch with the cars was not incompatible with his possession. See Cameron v. State, 44

Texas 652; Webb v. State, 44 S. W. Rep., 498; Parks v. State, 89 S. W. Rep. 1064.

Nason was the agent at Beaumont of the Beaumont, Sour Lake & Western Railway Company, and according to his testimony and that of other witnesses called by the State, he had care, control and management of the cars and the property therein at the time the offense was committed. The appellant introduced testimony that according to the custom prevailing among railways in such cases, cars loaded and ready to be taken on to a train were under the control of the yardmaster. Much of the statement of facts is devoted to this subject. The court in his charge told the jury that if they believed the property was not under the care, control and management of Nason or the Beaumont, Sour Lake & Western Railway Company to acquit the appellant. This sufficiently protected the appellant's interests on the issue of ownership.

Williams testified that he and the appellant and another man whom he did not know went in a truck to the cars in question and broke the seals; that the appellant entered the cars and threw the property out upon the ground; that a part of it was loaded on the truck and taken to the home of the appellant and placed in appellant's garage on his premises; that he and the appellant returned for the remainder and were apprehended by the officers just as they were about to place the remainder of the property on the truck. Several other witnesses testified to the apprehension and to appellant's presence at the truck at the time. He was arrested at a point nearby and, according to the State's testimony, was hid in the weeds.

The witness McCloney, who occupied a house upon appellant's premises and adjoining that of appellant, testified to facts showing that he and the appellant and Williams had conspired to commit the offense, and that it was contemplated that he should drive the truck, but was unable to do so because of toothache; that the first load of the stolen property was brought by the appellant and Williams, according to a prearrangement, to the house on appellant's premises which was occupied by the witness McCloney.

The witness Scott testified that the truck which was used in stealing the property belonged to him; that it had been used on other occasions by the same parties at night. In response to a question by appellant's counsel on cross-examination, the witness said that he did not know the truck was being used for the purpose of stealing but thought it was being used for delivering moonshine whisky. The question propounded is not given in the bill of exceptions. An objection was made to the answer. An objection would not have reached it. No motion to exclude it seems to have been made. However, we infer from the brief of the appellant that the court did exclude it. The appellant's position, however, is that in spite of the exclusion, it must work a reversal. Neither the trial judge nor the

prosecuting attorney was in any sense responsible for the objectionable declaration of the witness. We cannot sanction the view that a reversal must result.

Both the goods found on the ground and those which were taken to the appellant's premises were identified. It was shown by sufficient evidence that the value of the goods exceeded fifty dollars. The subject of value was sufficiently embraced in the court's charge.

The court instructed the jury that both Williams and McCloney were accomplices as a matter of law. Touching the witness Scott, the court properly left to the jury to determine whether he was an accomplice or not. The appellant was using his truck, but Scott said that he did not know that he was using it for the commission of the offense. This raised an issue of fact and the court was not required to tell the jury that, as a matter of law, Scott was an accomplice.

There was no error in admitting the declarations of the appellant to the witness Williams. We think the principle controlling in Windham v. State, 59 Tex. Crim. Rep., 366 is not applicable. The testimony in the instant case was that the appellant and Williams acted together in committing the offense. They were both arrested. They had a common interest in escaping punishment, and the appellant invited the witness to go and get some other property in order to pay the lawyer's fees. It does not tend to connect the appellant with any other offense but connects him with the present offense by showing that he was willing to commit another in order to escape punishment.

Appellant, in his cross-examination of the witness McCloney, asked him if he had not been convicted of a certain offense while in the Army and if he had not served a term in Leavenworth and sent to the Federal penitentiary. The State by the same witness, proved that he had been honorably discharged from the Army. We think the cross-examination rendered the evidence competent.

The verdict of the jury finds the appellant guilty of theft as charged in the second and fifth counts of the indictment. This was the same transaction. The property described in both counts belonged to the railway company. Nason was the railway company's agent. His possession was the possession of the railway company. The court properly entered the judgment convicting the appellant of theft. We think that the case does not come within the rule in Smith v. State, 90 Texas Crim. Rep., 273, 234 S. W. Rep. 839, nor in Bishop's New Crim. Proc., Secs. 889 to 899. He was not convicted of two offenses. The conviction is for but one.

Appellant presented the theory of alibi, which was supported by his own testimony and that of others. He claimed that on the night that the burglary took place, he went to the home of his sister at an early hour, where one of the family was sick; that he remained there until about 3:30 on the following morning; that in going to the house he rode on the street-car, but that in returning he intended going on foot,

it being too early for the street-car; that his attention was attracted by the firing of a gun; that thinking it was a fire he approached the place, and when he got within four or five blocks of the place where the cars were standing, he stepped aside to respond to a call of nature and that while there he was taken in custody by the officers. He denied the conspiracy with the negroes McCloney and Williams and all connection with the offense. His theory of alibi was supported by his wife and his sister and also another witness.

At the time of his arrest, appellant stated that he had spent the night at the home of his sister. The court instructed the jury that the burden was upon the State to refute the truth of this declaration, and the jury was also instructed that if they believed the appellant was at the home of his sister or if on that subject they had a reasonable doubt, they would acquit him unless they found him guilty as a principal upon the evidence of conspiracy in connection with the other testimony. The issue of principal upon the theory of conspiracy was raised by the evidence of the accomplices and supported both by the locality of the goods stolen and the testimony touching the presence of the appellant in company with Williams at the place where the truck and the stolen goods were found.

The sufficiency of the evidence of the corroboration of the accomplices appears not debatable. By other witnesses the burglary and theft were proved. A part of the property was found upon the premises of the appellant where it had been transported in a truck. The remainder was found where it had been thrown out of the cars preparatory for removal, and the appellant and one of the accomplices, who testified for the State, were present with the truck, which, according to the accomplice, was there for the purpose of removing the remainder of the property. When the officers arrived, appellant, according to some of the testimony, fled and hid, and in this position he was found when arrested at a point near the scene of the crime. These facts coming from the mouths of witnesses other than the accomplices are sufficient to comply with the demands of the statute that a conviction shall not be had upon the testimony of an accomplice unless there be other testimony tending to connect the accused with the commission of the offense.

None of the matters presented for review being, in the opinion of the court, of a nature to authorize a reversal of the judgment, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

May 23, 1923.

LATTIMORE, Judge.—The verdict rendered by the jury herein is as follows:

"We, the jury, find the defendant, John Modica, guilty of theft

of property of $50.00 or over in value in counts two and five of the indictment and assess his punishment at confinement in the penitentiary for seven years. · G. T. Moore, Foreman.'' From this it appears that the jury have found appellant guilty of two felonies. This they had no right to do under our settled procedure. O'Bryan v. State, 27 Texas Crim. App. 339; Crawford v. State, 31 Texas Crim. Rep. 54; Carr v. State, 36 Texas Crim. Rep. 3; Pitts v. State, 40 Texas Crim. Rep. 667; Lovejoy v. State, 40 Texas Crim. Rep. 89.

It is the duty of the courts to indulge every reasonable intendment in upholding the verdicts of juries. In doing this we have applied in some cases general verdicts to some one count submitted, where more than one appear, provided the punishment fixed be such as that it can be concluded that the jury intended to punish in but one case. General verdicts with minimum punishments have also been applied to good counts in cases where others were defective, but we know of no case in this State which upholds the doctrine that a verdict specifically finding the accused guilty under more than one count in a felony case, which affixed a punishment greater than. the minimum, could be upheld.

The statutes of our State and numerous decisions of this court make it the duty of the trial courts to decline to receive informal or insufficient verdicts, and direct that the jury be told upon trials where plural counts are submitted to them in the charge, that they must say by their verdict of which count, if any, the accused be found guilty. If it be argued that in certain cases separate counts in indictments charging theft of the same property from different owners, be permissible or commendable practice,—we readily agree, and also to the proposition that to the legal mind this might present but phases of the same transaction, so pleaded to meet the proof as it might develop; but the jury are not lawyers and beyond question injury might arise in many cases if we attempt to uphold their action upon the hypothesis that they understood the necessary legal procedure in matters which the court failed to tell them about in his charge. In this case the jury were not told that they could convict only under one count, nor that they must specify in their verdict of which count, if any, they found the accused guilty. They plainly find him guilty under two counts. They fixed punishment at more than double the minimum for either count of which they find him guilty. The judgment entered by the learned trial court does not attempt to fix guilt under either one count or the other but broadly adjudges appellant guilty of felony theft.

Believing the jury without authority to return a verdict finding the accused guilty of two felonies, and that the record in this case reflects that such course was pursued herein, appellant's motion for rehearing will be granted, the affirmance herein set aside, and the judgment of the trial court now reversed and the cause remanded.

*Reversed and remanded.*