## W. D. GRAY v. THE STATE.

No. 10831.   Delivered June 15, 1927.

**1.— Selling and Possessing Intoxicating Liquor — Requested Charge — On Temporary Insanity.**

Where appellant testified that shortly before the sale of half a pint of whiskey by him to officers, he had drunk some denatured alcohol, and did not know what he was doing, his requested charge on this issue, which did not correctly present the law, was properly refused.

**2.—Same—Continued.**

Under Art. 36 P. C. a person is not exonerated who commits an offense while temporarly insane, due to the recent use of ardent spirits, but permits the introduction of evidence on this issue, in mitigation of the penalty. See Art. 36, Vernon's P. C. and authorities therein collated.

**3.—Same—Indictment—Election by State—Not Requested.**

Where the indictment in two counts charged the sale, and possession of intoxicating liquor, the court properly refused to require the state to elect as to which count of the indictment it relied upon for a conviction. See Hooper v. State, 94 Tex. Crim. Rep. 278 and other cases cited.

**4.—Same—Continued.**

Where the court submitted both counts in the indictment to the jury, and a general verdict of guilty, assessing the minimum punishment, having been returned, the court should have applied the judgment and sentence to the count in the indictment that was sustained by the evidence, and said judgment and sentence is now reformed so as to apply only to the second count.  See Rambo v. State, 96 Tex. Crim. Rep. 387, and other cases cited.

Appeal from the District Court of Wichita County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully selling and possessing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The appellant was charged in the first count of the indictment with unlawfully selling whiskey to Wade Taylor, and in the second count with the unlawful possession of whiskey for the purpose of sale. The record discloses that the officers, Wade Taylor and R. L. Gay, observed the appellant, who was intoxicated at the time, in an alley and asked him if he knew where they could get a drink, whereupon the appellant offered to show them where they could get plenty if they had the money. The appellant got in the automobile with the officers and went with them to the house of his brother-in-law, John Ashley. He entered the house and returned shortly thereafter with a half-pint of whiskey, which he delivered to the officers and for which he was paid $1.50. It appears that the appellant was not acquainted with the officers, and in going to the house of his brother-in-law informed them that he had been "boot-legging" about 20 years.

Appellant took the stand in his own behalf and testified that a short time prior to the alleged sale he took a drink of what he supposed was denatured alcohol with some of his friends, and that during the time in question he did not know what he was doing, and didn't know anything at all until the following morning, when he woke up in jail.

The record contains three bills of exception.

In bill No. 1 appellant complains of the refusal of the court to submit to the jury his special charge to the effect that if his mind, at the time of the alleged transaction, was in such a condition that he did not know right from wrong, to acquit him. The court qualifies this bill by stating. that he offered to give in lieu of said requested charge the law relating to temporary insanity produced by the voluntary recent use of ardent spirits. It appears that the appellant failed to request a special charge

under this law (Art. 36, P. C.), which does not exonerate one who commits an offense while temporarily insane due to the recent use of ardent spirits but permits the introduction of evidence on this issue in mitigation of the penalty. This bill presents no error. For collation of authorities, see Art. 36, Vernon's P. C.

In bill No. 2 complaint is made to the action of the court in permitting the state to prove by the officers that after arresting appellant and placing him in jail, they obtained a search warrant, searched the residence of John Ashley, and there found intoxicating liquor. The objection urged to this testimony was that same was immaterial, that the appellant was not connected in any way with the transaction, and that it was not his house. The court, in qualifying this bill states that it was the same house from which the appellant obtained the whiskey in question. There is no error shown in the admission of this testimony.

In bill No. 3 complaint is made to the refusal of the court, upon request of appellant, to compel the state to elect upon which count of the indictment it relied for a conviction. The evidence introduced by the state appeared to apply only to one transaction, and was applicable both to the alleged sale and to the possession of the whiskey for sale. Under such circumstances, there was no error in the court's failure to compel an election upon the part of the state. Hooper v. State, 94 Tex. Crim. Rep. 278, 250 S. W. 964; Meadors v. State, 101 Tex. Crim. Rep. 336, 275 S. W. 829.

However, the court having submitted both counts to the jury and the jury having returned a general verdict of guilty, assessing the minimum punishment, it was error for the court to enter sentence and judgment against the appellant on both counts of the indictment. The court should have applied the judgment and sentence to one of the counts in the indictment that was sustained by the evidence. Said judgment and sentence are now reformed so as to apply only to the second count, charging possession of liquor for the purpose of sale. Rambo v. State, 96 Tex. Crim. Rep. 387, 258 S. W. 827. For collation of authorities, see Art. 847, p. 14, Vernon's C. C. P.

Finding no reversible error in the record, the judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.