### HASKELL HILL V. THE STATE.

No. 11788.   Delivered May 16, 1928.

**1.—Possessing Intoxicating Liquor—Argument of State's Counsel—Invited Argument—Rule Stated.**

Where, on a trial for the possession of intoxicating liquor, complaint is made of the argument of state's counsel, no error is shown where the language used is viewed in the light of the explanation of the bill, showing that the remarks were an appropriate response to the argument of appellant's counsel.   The rule of invited argument would control.   See Baker v. State, 4 Tex. Crim. App. 229; Branch's Ann. P. C., Sec. 363.

**2.—Same—Verdict—Convicted of Two Counts—In Same Indictment—Error.**

Where the verdict found the appellant guilty on both counts of the indictment, affixing a penalty under each count, said verdict was erroneous. Under the law of this state, one cannot be convicted of two felonies on a single indictment.   See Howard v. State, 8 Tex. Crim. App. 477, and other cases cited.

**3.—Same—Charge of Court—On Possession—Held Erroneous.**

Where, under that count in the indictment for possessing intoxicating liquor, the court charged the jury to convict if they found that appellant possessed intoxicating liquor, omitting all reference to the purpose of such possession, same is erroneous.   To constitute this offense the possession must be shown to have been for the purpose of sale.   See P. C., Art. 666, of 1925.

Appeal from the District Court of Young County.   Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, with a penalty of one year in the penitentiary and for the transportation of intoxicating liquor with a penalty of one year in the penitentiary under one indictment.

The opinion states the case.

*L. C. Counts* of Olney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

While traveling upon the highway the sheriff observed an automobile parked near the road and saw the appellant and another near the car. After passing them the sheriff stopped, and, while turning his car, the appellant ran. He was pursued and apprehended soon after he had dropped upon the ground three pints of whiskey. Another pint of whiskey was found by the sheriff at the car in possession of the appellant's companion.

The bills of exceptions complaining of the remarks of state's counsel reveal no error. Especially is that the case when the language used is viewed in the light of the explanation of the bill showing that the remarks were an appropriate response to the argument of the appellant's counsel. The rule of invited argument would control. See Baker v. State, 4 Tex. Crim. App. 229, and other cases cited in Branch's Ann. Texas Penal Code, Sec. 363.

There were two counts in the indictment, and there was evidence supporting each of them. Both were submitted to the jury, and the verdict reads thus:

"We, the jury, find the defendant guilty in both counts and assess a penalty of one year confinement in the state penitentiary in each count."

Under the law of this state one cannot be convicted of two felonies on a single indictment. This announcement has been made by the courts of last resort in this and other states upon numerous occasions. It was so declared in Howard's case, 8 Tex. Crim. App. 477; and also held upon an exhaustive discussion and copious citation of authorities in Crawford's case, 31 Tex. Crim. Rep. 51. More recent cases to the same point are Moore v. State, 83 Tex. Crim. Rep. 302; Knott v. State, 93 Tex. Crim. Rep. 239; Banks v. State, 246 S. W. 377. Authority is given and the duty imposed upon the trial court to reject an informal verdict and to either correct it or require the jury to do so. Where the prosecution charges distinct felonies in separate counts in the same indictment, if there be evidence supporting each of the counts, the jury should, in specific terms, be made to understand that there can be a conviction for but one of the offenses charged and that in their verdict there should be a designation of the offenses intended. See Banks v. State, supra; also Smith v. State, 90 Tex. Crim. Rep. 273; McKenzie v. State, 32 Tex. Crim. Rep. 568; Todd v. State, 89

Tex. Crim. Rep. 99. Such practice would tend to avoid the difficulties apparent upon the present record. If, however, that practice is not pursued, the verdict in such cases should be scrutinized and if, as in the present case, it is violative of the rule against a conviction for two offenses upon the same indictment, correction should be required before the jury is discharged. It is competent for this court under Art. 847, C. C. P., to reform a judgment, but the power does not extend to an instance like the present, in which in one verdict upon one indictment the accused is convicted of two distinct felonies. See Knott v. State, supra, and authorities there collated. In view of another trial, attention is directed to the fourth paragraph of the court's charge, which reads thus:

"If you find and believe from the evidence beyond a reasonable doubt that the defendant, in Young County, Texas, on or about the 2nd day of December, 1927, possessed spirituous, vinous or malt liquor capable of producing intoxication, then you will find the defendant guilty as charged in the first count in the indictment, and so say by your verdict."

In this paragraph of the charge, which was to guide the jury in finding upon the possessing count of the indictment, the jury may have been misled into the belief that the *mere possession* of intoxicating liquor was an offense. The offense denounced and charged in the indictment is not the mere possession of such liquor, but its *possession for the purpose of sale*. See P. C., 1925, Art. 666. Doubtless the omission from the paragraph of the term "for the purpose of sale" was an oversight. The offense was properly defined in paragraph 1 of the charge, but in paragraph 3, the law making the possession of more than one quart of intoxicating liquor prima facie evidence of guilt, was made the subject of an instruction.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*