ANDREW SMITH V. THE STATE.

No. 11795.    Delivered May 23, 1928.

1.—Possession of Intoxicating Liquor, and Transporting Intoxicating Liquor—Conviction Under Two Counts—Erroneous.

Where, under an indictment containing two counts, one for the possession and the other for the transportation of intoxicating liquors, the jury returned a verdict finding appellant guilty under both counts, such verdict was erroneous and should not have been received.

2.—Same—Continued.

The law of this state does not tolerate the conviction of two or more felonies upon the same indictment. This court has no power to correct the verdict and to make the proper judgment thereon. See Howard v. State, 8 Tex. Crim. App., 477, and other cases cited.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing and transporting intoxicating liquor, penalty one and one-half years in the penitentiary.

The opinion states the case.

*Gentry & Gentry* of Tyler, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense charged was the possession of intoxicating liquor for the purpose of sale and the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one and one-half years.

Each of the counts was submitted to the jury, and in the verdict the appellant was specifically found by the jury to be guilty of each count. The verdict reads thus:

"We, the jury, find the defendant guilty as charged in the first and second counts in the indictment, etc."

Complaint of this verdict was made in the motion for new trial upon the ground that the conviction was for two distinct felonies. The verdict should not have been received, but having been received, the motion for new trial should have been granted. The law of this state does not tolerate the conviction of two or more felonies upon the same indictment. Such was the declaration of this court in Howard v. State, 8 Tex. Crim. App. 477; Crawford v. State, 31 Tex. Crim. Rep. 51, and numerous subsequent cases. See also Banks v. State, 93 Tex. Crim. Rep. 117; Rozier v. State, 90 Tex. Crim. Rep. 337; Smith v. State, 90 Tex. Crim. Rep. 273. This court has no power to correct the verdict and to enter the proper judgment thereon.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*