## T. B. Wooten v. The State.

No. 11860.   Delivered March 13, 1929.

The opinion states the case.

*Lawrence L. Bruhl* of Llano for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, Judge.—In the second count of the indictment appellant was charged with possession for the purpose of sale of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, and in the fourth count with transporting such liquor.   The two counts mentioned were submitted to the jury with an instruction that if they found appellant guilty they should state in their verdict under which count conviction was had.   If in

this connection the jury had also been told that conviction, if any, could be had only upon one of the counts submitted, the question now confronting us would likely not have arisen. By the instruction given the learned trial judge evidently intended to convey such information to the jury, but they either ignored or misapprehended such instruction and returned a verdict finding appellant guilty "as charged in the second and fourth counts of the indictment," and assessed his punishment at one year in the penitentiary. The proper practice would have been for the court to decline to receive the verdict. (Art. 696 C. C. P.) In Hill v. State, 6 S. W. (2d) 763 we said:

"Authority is given and the duty imposed upon the trial court to reject an informal verdict and to either correct it or require the jury to do so. Where the prosecution charges distinct felonies in separate counts in the same indictment, if there be evidence supporting each of the counts, the jury should, in specific terms, be made to understand that there can be a conviction for but one of the offenses charged and that in their verdict there should be a designation of the offenses intended. See Banks v. State, supra; also Smith v. State, 90 Tex. Cr. R. 273, 234 S. W. 893; McKenzie v. State, 32 Tex. Cr. R. 568, 25 S. W. 426, 40 Am. St. Rep. 795; Todd v. State, 89 Tex. Cr. R. 99, 229 S. W. 515. Such practice would tend to avoid the difficulties apparent upon the present record. If, however, that practice is not pursued, the verdict in such cases should be scrutinized and if, as in the present case, it is violative of the rule against a conviction for two offenses upon the same indictment, correction should be required before the jury is discharged."

However, in the present case the court did receive the verdict as returned and entered judgment condemning appellant to be guilty of two felonies, viz: possessing the liquor for the purpose of sale, and also of transporting it.

That a conviction cannot be had for two felonies on one indictment is too well settled to again discuss it. Crawford v. State, 31 Tex. Cr. R. 51, 19 S. W. 766; Pitts v. State, 40 Tex. Cr. R. 667, 51 S. W. 906; Moore v. State, 83 Tex. Cr. R. 302, 203 S. W. 51; Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377; Knott v. State, 93 Tex. Cr. R. 239, 247 S. W. 520; Hill v. State, 6 S. W. (2d) 763. Neither can there be any doubt that appellant was charged in the two counts with separate felonies. One may be guilty of possessing liquor for the purpose of sale without ever transporting it, and likewise one may transport it without any purpose of selling it.

The same state of facts may sometime support both charges, but there cannot be a conviction for both felonies upon one trial under one indictment.

It is competent for this court in a proper case to reform a judgment as authorized by Art. 847 C. C. P., but we are met with the proposition that in the present case no such authority exists because the judgment cannot be reformed without ignoring a part of the verdict. Where a *general* verdict has been returned, and the judgment was erroneously entered condemning accused to be guilty of two felonies the judgment has been reformed applying the *general* verdict to a good count charging one felony which was supported by the evidence. Gray v. State, 107 Tex. Cr. R. 620, 298 S. W. 424. But cases have arisen where this could not properly be done even where a *general* verdict assessed the lowest punishment. Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377. Where plural counts charging separate felonies have been submitted to the jury and a *general* verdict returned assessing more than the minimum punishment and judgment entered condemning accused to be guilty of two felonies, reversals have followed. Huffhines v. State, 94 Tex. Cr. R. 292, 251 S. W. 229; Knott v. State, 93 Tex. Cr. R. 239, 247 S. W. 520; Zilliox v. State, 93 Tex. Cr. R. 301, 247 S. W. 523; Reyna v. State, 96 Tex. Cr. R. 320; 257 S. W. 883. Where plural counts charging separate felonies have been submitted to the jury and a verdict returned specifically finding accused guilty of two felonies and assessing more than the minimum punishment, with judgment following the verdict, reversals have likewise resulted. Wimberley v. State, 249 S. W. 550; Norrell v. State, 252 S. W. 550; Modica v. State, 251 S. W. 1049; Smith v. State, 6 S. W. (2d) 762; Hill v. State, 6 S. W. (2d) 763. In Venturi v. State, 100 Tex. Cr. R. 152, 272 S. W. 211, the verdict found accused guilty of two felonies and assessed punishment at one year for each. The verdict was received and the trial court then undertook to enter judgment for one felony ignoring the verdict on the other count. It was held this could not be done. In Moore v. State, 83 Tex. Cr. R. 302, 203 S. W. 51, accused was charged in one count with theft and in another with receiving stolen property. The verdict specifically found him guilty on "both counts." On this verdict the court undertook to adjudge accused to be guilty of theft. It was held that the verdict not being general but specific in finding accused guilty of both offenses, would not support the judgment. In other

words, the judgment undertook to ignore one of the specific findings in the verdict which could not be done.

In the present case the verdict specifically found appellant guilty of two felonies—(1) possessing intoxicating liquor for the purpose of sale and (2) transporting such liquor. If the court below had undertaken to enter a judgment condemning him to be guilty of only one of such felonies it would have ignored the specific finding of the jury on the other felony, which the trial court would have had no right to do. This court can not—under guise of reforming the judgment—ignore a part of the verdict and do that which the trial court had no authority to do.

We find ourselves in a position where we can do nothing but reverse the judgment and remand the case for a new trial even though the minimum punishment was assessed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*