JOHN KNOTT v. THE STATE.

No. 7220.    Decided November 22, 1922.

Rehearing granted January 17, 1923.

**1.—Theft—Bill of Exceptions—Burden on Defendant.**

Where the bill of exceptions did not set out facts which would reveal its relevancy, and the hurtful effect of the testimony, the same cannot be considered on appeal, and the burden is upon appellant by the bill of exceptions to show that the ruling of the lower court is erroneous. Following Rippey v. State, 86 Texas Crim. Rep., 529, and other cases. Besides, the bill is not in accord with the statutes. Following McDaniel v. State, 237 S. W. Rep., 393, and other cases.

**2.—Same—Rehearing—Separate Offenses—Verdict—Judgment.**

Where the defendant was charged with both theft and of receiving and concealing stolen property, and both counts were submitted, and a general verdict of guilty found, as charged in the indictment, and defendant was adjudged guilty of both offenses, the judgment must be reversed and the cause remanded.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of theft and receiving and concealing stolen property; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. S. Lattimore,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *Jesse M. Brown,* Criminal District Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of five years.

The property in question was an automobile.   It was taken from one of the streets of the city of Fort Worth and had at the time some articles in it.   The car, as well as the articles, was later found in appellant's possession, and his conduct with reference thereto was sufficient to support the finding of the jury that it was he who took the automobile.

. We find six bills of exceptions.   They are similar in form.   One of them reads thus:

"Be it remembered that upon the trial of the above styled and numbered cause the following proceedings were had; Jess O'Brien, a witness for the State, testified among other things to the following:

Q.   Now, was Mr. Hampton, an officer, there at that time? check or in cash?

A.   In cash.

Q.   Did you get that $100.00 back?

A.   Yes sir.

Q.   Now, was Mr. Hampton, an officer, there at that time?

A.   Yes sir.

Q.   I am not asking you to detail what conversation you had, but did you have a conversation with him with reference to your buying this car, if you did but it?

Counsel:   We object to that, being hearsay, irrelevant and not binding on this defendant.

The Court:   Overrule the objection, answer the question yes or no.

Counsel:   Note our exception.

A.   Yes.

To which action and ruling of the court as above set forth the defendant then and there excepted, and here now tenders this his Bill of Exceptions No. 6, and asks that same be examined, approved and ordered filed as a part of the record in this cause."

It will be observed that the point made was that the witness was permitted to state that he had had a conversation with Hampton with reference to buying a car.   The conversation is not detailed.   The bill does not set out facts which would reveal its relevancy or its hurtful effect.   In the preparation of a bill of exceptions, it is always to be borne in mind that the burden is upon the appellant to show by the bill of exceptions that the ruling of the trial court was erroneous and prejudicial.   See authorities listed in Branch's Ann. Tex. Penal Code, Sec. 207 and 210; also Rippey v. State. 86 Texas Crim. Rep., 539; Wilson v. State. 87 Texas Crim. Rep., 538, 223 S. W. Rep., 217; Messimer v. State, 87 Texas Crim. Rep.. 403, 222 S. W. Rep., 583; Charles v. State, 87 Texas Crim. Rep.. 233, 222 S. W. Rep., 255; Cotton v. State, 82 Texas Crim. Rep., 387; Quinney v. State, 86 Texas Crim. Rep., 358; Tillman v. State, 225 S. W. Rep., 165; Davidson v. State, 86 Texas Crim. Rep., 243; Middleton v. State. 86 Texas Crim. Rep., 307, and other cases in S. W. Rep. Digest, Vol. 16, p. 561.   If more complete, however, this bill of exceptions could not be considered for

the reason that it is not in accord with the statute which requires that "the objection to the ruling shall be stated with such circumstances or so much of the evidence as may be necessary to explain it and no more, *and the whole as briefly as possible.*" This rule is not complied with by reproducing in question and answer form the stenographer's notes. See McDaniel v. State, 90 Texas Crim. Rep., 636, 237 S. W. Rep., 293, and various cases therein listed; also Watson v. State, 90 Texas Crim. Rep., 576, 237 S. W. Rep., 298.

The other bills of exceptions in the record in the instant case are in question and answer form. Moreover, they fail to set out the surrounding circumstances or sufficient of the evidence to disclose the supposed error complained of. From none of the bills does it appear that the nature of the inquiry was such as to render the questions and answers essential to its proper portrayal.

Finding the evidence sufficient, and no error presented, the judgment is affirmed.

*Affirmed.*

ON REHEARING

January 17, 1923.

HAWKINS, JUDGE.—In his motion for rehearing appellant calls our attention for the first time to the fact that the judgment condemns appellant to be guilty of two felonies, to-wit: that of theft and also of receiving and concealing stolen property. The indictment contained two counts, charging the two offenses; both counts were submitted to the jury, a general verdict finding appellant "guilty as charged in the indictment" was returned, and upon this general verdict the judgment complained of was entered. The question has been considered at length in the companion case (No. 7233) against the same appellant, this day decided on rehearing. We do not discuss it again in the instant case. Exactly the same questions are presented as were considered in the companion case.

For the same errors therein pointed out the motion for rehearing will be granted, the judgment of affirmance set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*