### Elmo Huffhines v. The State.

#### No. 7226.   Decided May 2, 1923.

**1.—Dean Liquor Law—Election by State.**

Where the indictment contained four counts, but only two were submitted, there was no error in overruling a motion that the State be required to elect, the court instructing the jury that they could not assess but one punishment if they convicted.

**2.—Same—Separate Felonies—Verdict—Charge of Court.**

Where the first count charged the unlawful manufacture of intoxicating liquor, and the other the unlawful possession thereof for the purpose of sale, and the court submitted both counts, instructing the jury that they could not assess but one punishment, if they convicted; but the verdict found defendant guilty as charged in the indictment, and assessed his punishment at two years in the penitentiary and did not specify the count under which they found defendant guilty, the judgment must be reversed and remanded.

**3.—Same—Jury and Jury Law—Motion in Writing.**

Where defendant presented a motion in writing requesting the court to order the names of all available jurors for the week to be placed in a receptacle, and that from the total of available jurors the names of a sufficient number be drawn from which to select twelve men to try the case, the same should have been granted in the instant case. Following Bell v. State, 92 Texas Crim. Rep., 342.

**4.—Same—Argument of Council.**

Where, upon trial of the violation of the Dean Law, the assistant district attorney in his argument said: "It is the opinion of all of the neighbors of this defendant that he was manufacturing whisky; that is why the officers

went out there." The same was reversible error. Following Stanches v. State, 89 Texas Crim. Rep., 358, and other cases.

5.—Same—Requested Charge—Circumstantial Evidence.

Where the facts raised the issue of circumstantial evidence the court should have charged thereon.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of the violation of the Dean Law; penalty two years in the penitentiary.

The opinion states the case.

*A. H. Mount* and *M. T. Lively* for appellant.—On question of selecting jury: Bell v. State, 243 S. W. Rep. Article 95.

On question of conviction on two separate felonies: Smith v. State, 234 S. W. Rep. 893.

*W. A. Keeling,* Attorney General, *C. L. Stone,* Assistant Attorney General.

On question of argument of council: Mooney, 176 S. W. Rep. 58. Himmelfarb v. State, 174 id. 589.

HAWKINS, JUDGE.—Conviction is for violation of certain provisions of the "Dean Liquor Law," with punishment assessed at two years confinement in the penitentiary.

The indictment contained four counts. Upon motion of appellant the third count was quashed. The second was not submitted to the jury. The first count charged the unlawful manufacture of intoxicating liquor, the fourth, the unlawful possession thereof for the purpose of sale. On account of the disposition we think necessary to make of the case we do not deem it important to set out the evidence. After the State had rested its case appellant presented a motion requesting that the State be required to elect upon which count it would rely for conviction. This motion was overruled and the first and fourth counts submitted. The court recognized that appellant should not be convicted of more than one felony and specifically instructed the jury to let their verdict show upon which count, if any, they predicated guilt. They were also instructed that they could not assess but one punishment if they convicted. The motion to elect was followed by objection to the charge in submitting more than one count. The verdict found defendant guilty "as charged in the indictment" and assessed his punishment at two years in the penitentiary. Notwithstanding the jury were told to specify under which count they found appellant guilty, and this instruction was disregarded, the court nevertheless received the general verdict, and entered thereon a judgment condemning appellant to be guilty both of

the manufacture of intoxicating liquor and possession thereof for the purpose of sale.

The evidence introduced by the State sustained both counts. There appears to have been no testimony pertinent to proving the offense charged in the first count that would not also have been receivable in establishing the offense charged in the second, and vice versa. Under these circumstances we think there was no error in refusing to require the State to elect, in view of the instruction directing the jury to specify the count under which conviction, if any, resulted. Banks v. State, 93 Tex. Crim. Rep. 117; Smith v. State, 90 Tex. Crim. Rep. 273; Vernon's Tex. Cr. St., Vol. 2, page 245, note 33; Bishop's New Crim. Proc., Vol. 1, Sec. 457, page 376; Hooper v. State, (No. 7089, opinion April 25th, 1923). The trouble arises from receiving the general verdict returned in violation of the court's instruction, and thereon adjudging appellant to be guilty of two felonies under one indictment upon one trial. Banks v. State 93 Texas Crim. Rep., 117, 246 S. W. Rep., 377; Knott v. State, 93 Texas Crim. Rep. 239, 247 S. W. Rep., 520; Knott v. State, 93 Texas Crim. Rep. 245, 247 S. W. Rep., 522; Zilliox v. State, 93 Texas Crim. Rep., 301, 247 S. W. Rep., 523; Wimberly v. State, (opinion March 21st, 1923). Many authorities are cited in the cases referred to. It is not one of those instances where this court can correct the judgment. If the lowest penalty had been inflicted perhaps a different rule might apply. Having ignored the court's charge to designate the count upon which they found appellant guilty the jury may also have assessed a double punishment in violation of the charge. We must therefore of necessity hold the judgment harmfully erroneous.

Appellant presented a motion requesting the court to order the names of all available jurors for the week to be placed in a receptacle, and that from the total of available jurors the names of a sufficient number be drawn from which to select twelve men to try the case. This request was refused and bill of exception reserved. Dallas county maintains more than three district courts, and therefore comes under the terms of what is designated as the "Interchangeable Jury Law." (Acts 1917, C. 78, Complete Texas Statutes, Art. 5158½ to 5158½i inclusive.) The refusal of the court to grant the motion brings in review Art. 5158½f of such "Interchangeable Jury Law." It is not necessary to write at length. The identical question here presented was before us in Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W. Rep., 1095, which is authority sustaining appellant's contention.

While the assistant district attorney was making his argument a bill of exception was taken to the following language used by him.

"It is the opinion of all of the neighbors of this defendant that he was manufacturing whisky; that is why the officers went out there."

The argument was outside the record, improper, material and hurtful. It was injecting a new issue not supported by the facts in evidence. Stanchel v. State, 89 Tex. Cr. Rep., 358, 231 S. W. Rep., 120; Cole v. State, 92 Texas Crim. Rep., 368, 243 S. W. Rep., 1100; Woolly v. State, 93 Texas Crim. Rep., 384, 247 S. W. Rep., 865; Clancy v. State, 93 Texas Crim. Rep., 380, 247 S. W. Rep., 865; Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W. Rep., 695.

Appellant requested a charge upon circumstantial evidence which was refused. Unless we misapprehend the facts, if they should be the same upon another trial, we are inclined to the view that such charge should be given.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*