Pedro Reyna v. The State.

No. 8039.   Decided January 9, 1924.

**Transporting Intoxicating Liquor—Separate Offense—Verdict.**

Where defendant was indicted in separate counts, one for transporting and the other for possessing intoxicating liquor, and both counts were submitted to the jury without instruction that the jury designate upon which count the verdict was based, and the verdict returned was general in its character assessing the penalty above the minimum provided by law, the judgment entered thereon including both offenses must be reversed and remanded.—Following Knott vs. State, 93 Texas Crim. Rep., 245, and other cases.

Appeal from the Criminal District Court of Cameron.   Tried below before the Honorable A. W. Cunningham.

Appeal from a conviction of transporting and possessing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.   No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.   Confessed error and cited cases in opinion.

MORROW, Presiding Judge.—The judgment condemns the appellant to confinement in the penitentiary for a period of three years for the offense of transporting and possessing intoxicating liquor.

The appellant was charged, in separate counts, with each of these offenses.   Both counts were submitted to the jury.   No instruction was given that the jury designate upon which count the verdict was based.   A general verdict was found assessing the penalty above the minimum provided by law, and a judgment of conviction of both of the offenses was entered.   The law in this State does not permit the conviction of a person of two felonies in one indictment and verdict. Such is the declaration of this court in Miller's case, 16 Texas Crim. App., 431; in Crawford v. State, 31 Texas Crim. Rep., 51; and in many other cases collated in Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W. Rep., 377.   This court has been put to the necessity of applying this rule in several recent cases.   Among them are Smith v. State, 250 S. W. Rep., 694; Knott v. State, 93 Texas Crim. Rep., 245; Zilliox v. State, 93 Texas Crim. Rep., 301.

A reversal has not been found necessary in cases in which the evidence sustained the conviction and the lowest penalty was accorded.

On a record like the present, however, where the penalty is three times the minimum, the error cannot be treated as harmless. The State's Attorney, in his brief, concedes the necessity for a reversal of the judgment. It is so ordered.

*Reversed and remanded.*