## JOHN KNOTT v. THE STATE.

### No. 8074.   Decided February 20, 1924.

#### Rehearing denied October 22, 1924.

**1.—Theft of Automobile—Bills of Exception—Practice.**

Under article 846 of C. C. P., which provides that stenographers' notes may be embraced in the statement of facts and bills of exceptions, when facts are disputed as far as is necessary to show what the witness testified to in regard to same, does not authorize the incorporation of stenographers, notes of a colloquy between the court and counsel, in a bill of exceptions.

**2.—Same—Evidence—Attack on Motive of Witness.**

Where a witness has given testimony for the State, his motive or bias cannot be shown by proof that his brother had been indicted for same offense that appellant was on trial for and that such indictment had been dismissed by the State.

**3.—Same—Argument of Counsel—Proper if Sustained by Facts in Evidence.**

Where evidence was admitted without objection by appellant that his confederate in the offense for which he is on trial is in the penitentiary after having been tried in the same court, it was proper subject for argument by state's counsel.

Appeal from Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for theft of an automobile; penalty, two years in the State penitentiary.

*W. H. Tobert* and *H. S. Lattimore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft from Joe Roundtree; punishment fixed at confinement in the penitentiary for a period of two years.

The property taken was an automobile. The evidence is sufficient to support the verdict. A recital of the testimony is unnecessary.

The opinion on the former appeal is reported in 93 Texas Crim. Rep., 245.

Two bills of exception appear. Among the State's witnesses were Babe Stewart and Ray Powell. They testified to facts material to the State; and the question whether they were accomplice witnesses was submitted to the jury. One of the discrediting facts relied upon was that Burney Stewart, a brother of Babe Stewart, was charged with the same offense, and that the case against him, as well as the companion case, had been dismissed. The bill recites:

"* * * and orders of the court dismissing the two causes against Burney Stewart having been admitted in evidence, your defendant then offered in evidence the indictment in said causes, and a motion to dismiss, copies of which are hereto attached and made a part hereof, objection to which by the State was by the court sustained."

The petition taken by the appellant, as recited in the bill, is that the two proffered indictments would show that Burney Stewart was indicted for the same transaction as that for which the appellant was on trial, and that the evidence against Burney Stewart and the appellant was identical; that the motion to dismiss the Burney Stewart cases stated as a reason therefor that the evidence was insufficient; that the motion to dismiss was filed after the appellant had been convicted upon the former trial. Those matters were relied upon by the appellant to discredit Babe Stewart and as tending to show that his motive for testifying against the appellant was to shield his brother by bringing about a dismissal of his prosecution. Babe Stewart had denied on this trial that such was his motive. The learned trial judge attaches to this bill the stenographic notes relative to the matter, and says the State and defendant sharply disagree whether the effect of the proceedings was to withdraw the State's objection to the admission in evidence of the indictments, motions to dismiss, and orders of dismissal, or only to the orders of dismissal. We confess that the excerpts from the stenographer's notes, so far as this court is able to discern, do not elucidate the matter. Article 846, C. C. P., touching the preparation of statement of facts and bills of exception, contains this language:

"* * * whenever the State and defendant can not agree as to the testimony of any witness, then and in such event, so much of the transcript of the official shorthand reporter's report with reference to such disputed fact or facts shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and constitute a part of the statement of facts, and the same shall apply to the preparation of the bills of exception; provided, that such stenographer's report when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers, except where, in the opinion of

the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

This statute does not embrace notes of the character reflected by the present record, but relates to a disagreement touching the testimony of witnesses. In the present case, the notes relate to a colloquy between the court and counsel from which this court is unable to definitely determine whether objection was withdrawn to the admission in evidence of the indictments and the motions to dismiss. The approval of the bill and the statement of facts indicate that they were not received in evidence. Assuming that they were excluded, we think no error is presented. Burney Stewart was not used as a witness. The contention of appellant was that Babe Stewart (Burney's Brother) had testified for the State in order to secure the dismissal of the prosecutions against his brother. There is no evidence supporting this contention. Babe Stewart denied that such motive prompted him. No effort was made to show that any such understanding existed between him and the State's officers. Whatever reasons, if any, may have been set forth in the motion to dismiss the cases against Burney Stewart were not statements made either by him or his brother Babe, but by the attorney representing the State. We think, under the circumstances shown, neither the indictments nor the motions to dismiss were proper evidence as touching the motive of Babe Stewart in giving evidence favorable to the State.

In Bill No. 2 it appears that one of the appellant's confederates in the offense on trial was J. B. Day. There was evidence that they acted together. While the officer who arrested the appellant was testifying in behalf of the State, he was asked by State's counsel as to the whereabouts of Day, to which the officer replied: "Why, he is in the State Penitentiary," and in reply to another question said: "The last time I saw him was at his trial here." This seems to have been received without objection. In argument, State's counsel stated to the jury that J. B. Day had already been convicted for the part taken by him in taking the car and was now in the penitentiary serving out his term under this conviction. The evidence that he was in the penitentiary having been received without objection, we are unable to say that the argument was unauthorized.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in the last paragraph of our original opinion in concluding that the argument complained of was authorized. We have again examined this question and are quite sure that under the facts presented in the record,

even if the statement made in argument was unauthorized, it was not such a matter as would call for a reversal in view of the facts that the lowest penalty was inflicted and the evidence appears to leave no doubt of appellant's guilt.

The motion for rehearing is overruled.

*Overruled.*