## Louis Venturi v. The State.

### No. 9057.  Delivered May 13, 1925.

**1.—Violating Liquor Law—Verdict of Jury—Void for Uncertainty.**

Where on a trial for violation of the liquor laws the indictment contained four counts, the first and second of which were submitted in the charge to the jury, a verdict returned finding appellant guilty under each count, and assessing his punishment under each count at confinement in the penitentiary for one year, such judgment is void for uncertainty, and cannot be cured by the court's judgment, sentencing him under but one count.

**2.—Same—Indictment—Several Counts—But one Conviction Warranted.**

This court has repeatedly *held* that a defendant could not be convicted both with having in his possession intoxicating liquor, and with manufacturing under the same indictment. While the indictment may contain several counts, in order to meet the evidence adduced, and all counts may also be submitted to the jury, but they should be instructed that a conviction can be had only under one count. Following Guest v. State, 24 Tex. C. A.

Appeal from the District Court of Erath County.  Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Oxford & Johnson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was charged by indictment in four counts, but the court in his charge to the jury submitted the first and second counts only, — the first count charging defendant with unlawful possession of liquor for the purpose of sale, and the second count with unlawfully manufacturing liquor capable of producing intoxication.  The court charged the jury as follows: "if you find the defendant guilty under the first count in the indictment, you will return a verdict into the court according to your finding, but

if you find him not guilty, under the first count, then you will pass to consideration of the charge against him contained in the second count in the indictment,'' and prepared a form for the jury's verdict under both counts of the indictment.

The jury returned a verdict of guilty, as follows: ''We the jury find the defendant guilty as to each count in the indictment and assess his punishment at confinement in the penitentiary for one year in each count. '' And thereupon the court entered judgment against the defendant upon the first count in the indictment and ordered that he be punished at confinement in the penitentiary for a term of one year, and ignored the verdict on the other count.

Appellant complains of this action of the court, and in effect contends that the jury returned a verdict against the defendant charging him with two separate and distinct felony offenses, one with unlawfully possessing intoxicating liquor, and the other with unlawfully manufacturing intoxicating liquor, and that the court after receiving said verdict had no authority to change the verdict of the jury in the judgment and make it apply to only one count.

This court has repeatedly held that a defendant could not be convicted both with having in his possession intoxicating liquor and with manufacturing intoxicating liquor under the same indictment. Now the question arises as to whether or not the court is authorized to eliminate the verdict of the jury in part, after they had found the defendant guilty of possession and manufacturing whiskey, and render judgment on the count charging possession, and ignore the verdict on the count for manufacturing whiskey? We think not. We think the verdict of the jury finding defendant guilty on each count made it impossible for the learned trial judge to tell whether the jury intended to find defendant guilty on both counts with aggregate penalty of two years, or whether the jury intended by their verdict to say that the evidence would support a conviction in either count and leave it to the court to say to which count he would apply the verdict in the judgment, as he attempted to do. The verdict is clearly defective for lack of certainty in these regards. We find no authority exactly in point, but believe the statement of this court in Guest v. State, 24 Texas Crim. Apps. 530, would apply, and the verdict being uncertain and defective the trial judge was not authorized to uphold it and attempt to apply it to either of said counts. He should have declined to receive it and sent the jury back. The charge should have told the jury that they could not find defendant guilty only upon one count, and should this have been done the error would probably not have occurred.

For the errors above discussed, we are of the opinion that this case should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.