Louis McBride v. The State.

No. 12439.    Delivered April 10, 1929.

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—In the first count of the indictment appellant was charged with transporting intoxicating liquor; and in the second count with possessing intoxicating liquor for the purpose of sale. Both counts were submitted to the jury with the instruction that if the jury should find appellant guilty "under either or both counts of the indictment" the punishment would be assessed at imprisonment in the penitentiary for not less than one nor more than five years. A verdict was returned finding appellant guilty of "possession and transporting whisky as charged in each count in the indictment" and the punishment was assessed at confinement in the penitentiary for one year. The court received the verdict and entered judgment on both counts of the indictment. The sentence followed the verdict and judgment, condemning appellant to confinement in the penitentiary for one year for the offenses of possessing intoxi-

cating liquor for the purpose of sale and transporting intoxicating liquor. Appellant's bill of exception No. 4 presents the question to this court for revision.

A conviction for two felonies on one indictment cannot be had. In this case appellant was charged in the indictment with two separate felonies. The judgment cannot be reformed without ignoring a part of the verdict. The identical question presented here was discussed in Opinion Number 11,860, T. B. Wooten v. State, delivered March 13th, 1929, and not yet reported. In that case Judge Hawkins, speaking for the court, said:

"In the present case the verdict specifically found appellant guilty of two felonies—(1) possessing intoxicating liquor for the purpose of sale, and (2) transporting such liquor. If the court below had undertaken to enter a judgment condemning him to be guilty of only one of such felonies it would have ignored the specific finding of the jury on the other felony, which the trial court would have had no right to do. This court cannot—under the guise of reforming the judgment—ignore a part of the verdict and do that which the trial court had no authority to do."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.