ARCHIE GOLDSTONE, ALIAS ARCHIE GOLDSTEIN V. THE STATE.

No. 12900.   Delivered February 5, 1930.
Rehearing denied State March 19, 1930.
Reported in 25 S. W. (2d) 852.

The opinion states the case.

*Simpson & Collins* and *Leo Brewster,* all of Fort Worth, for appellant.

*R. A. Stuart,* Cr. Dist. Atty., and *Walter L. Morris,* First Asst. Cr. Dist. Atty., both of Forth Worth, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft, a felony; the punishment confinement in the penitentiary for six years.

In his amended motion for a new trial, appellant set up misconduct of the jury, averring that the jury alluded to and discussed appellant's failure to testify. It was stated in the motion that the affidavit of a juror touching the matter of misconduct was attached and made a part of the motion. In another paragraph it was alleged that the jury arrived at the verdict by lot, the procedure followed being specifically set forth. The affidavit of the juror stated, in substance, that during the time he was voting not guilty some of the jurors argued that appellant had not taken the stand and denied his guilt; that this statement had some influence on him; and that he finally voted for conviction. Again, it was averred in the affidavit that it was agreed to add the number of years voted for and divide by twelve, the quotient to stand as the penalty to be assessed.

After filing his amended motion for a new trial, appellant made application to the clerk of the court for process for the jurors who had tried his case. The trial court, upon learning that no affidavits on the part of the jurors had been attached to the motion at the time it was filed, instructed the clerk not to issue the process. Appellant's attorney intentionally withheld the affidavit of the juror until the motion for new trial was presented to the court. Prior to the hearing on the motion for a new trial, counsel for appellant presented to the court a written motion requesting that the clerk be directed to issue process for the jurors. The motion was overruled. Thereafter, on the last day of the term, a hearing was had on the motion for a new trial. Upon such hearing the court sustained the state's demurrer to that part of the motion for a new trial wherein it was averred that the jury had alluded to and discussed appellant's failure to take the stand and testify in his own behalf. The court refused to permit appellant to have the jurors summoned, but permitted appellant to introduce in evidence the affidavit of the juror referred to and the unsworn ex parte statements of other jurors. The state failed to controvert the affidavit and ex parte statements.

The bills of exception relating to the action of the court in over-ruling the motion for a new trial are qualified by the court to the effect that process for the jurors was refused because of the fact that the affidavits of the jurors were not attached to the motion for a new trial, until the day of hearing, and further because there was not sufficient time, after the affidavit was attached, to get service on the jurors, the hearing being had on the last day of the term.

The court had the authority to extend the term. The fact alone that the court deemed it impossible to have the jurors brought before him before the time for adjournment of the term arrived, did not justify a refusal of process for the jurors. Whether appellant forfeited his right to process for the jurors for failure to attach the affidavit of the juror to the motion for new trial at the time it was filed is not decided. The affidavit of the juror was received in evidence and considered by the trial court. The matters set forth in said affidavit were not controverted. The affidavit touching misconduct on the part of the jury was appended to the motion for a new trial at the time of a hearing thereon. This affidavit was referred to in the motion and made a part thereof. In our opinion the averments were sufficient, if true, to call for a favorable ruling on the motion, and the state's demurrer should have been overruled. Under the express provisions of Art. 710, C. C. P., the failure of the accused to testify shall not be taken as a circumstance against him, or alluded to or commented upon by counsel in the cause. It was uncontroverted that the failure of appellant to testify as a witness in his own behalf was discussed by the jury while divided upon the question of guilt and before a verdict was arrived at. Under the decisions, the matter presents reversible error. Hennington v. State, 271 S. W. 624; cases cited under Art. 710, note 40, Vernon's Code of Criminal Procedure of Texas.

Subdivision 3 of Art. 753, C. C. P. provides that a new trial in cases of felony shall be granted where the verdict has been decided by lot, or in any other manner than by fair expression of opinion by the jurors. The only testimony heard by the trial court shows that the provisions of the statute referred to were violated. This being the case, reversible error is manifested. Rosamond v. State, 263 S. W. 1067.

Two counts of the indictment were submitted to the jury. In one count it was charged that the property was fraudulently taken from the possession of Joe Optican, and in the other that said property was taken from J. D. Colbert. Optican, the real owner of the property, was not in possession at the time of the theft, he having

checked the property to the railroad company for conveyance to Fort Worth. Colbert, an agent of the railroad company, appears to have been in possession at the time the property was stolen. The court submitted both counts to the jury. Appellant timely and properly excepted to the failure of the court to instruct the jury that they could only convict of one count. The jury returned a general verdict, which the court applied to both counts. It is unnecessary for us to determine whether, under the conditions stated, appellant having received more than the minimum penalty, this court could reform the judgment and apply it to one of the counts. If we have a correct understanding of the record, there is no evidence supporting possession in Optican at the time of the theft. If the evidence be the same on another trial the count charging theft from Optican should not be submitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State has filed a strong motion for rehearing, and as best we can its contentions have been considered. Two counts in the indictment herein charged theft from different owners, apparently to meet the testimony. Optican was the legal owner of the alleged stolen property, though clearly it was taken from the possession of Colbert, the agent of the railway company who had the care, management and control of same.

In his charge to the jury the trial court referred to the fact that appellant was charged in the first count in the indictment with theft of property of the value of more than fifty dollars from Optican, and in the third count in the indictment with the offense of theft of property of the value of more than fifty dollars from Colbert. In applying the law to the facts in the charge the jury were told that if they believed beyond a reasonable doubt that appellant took *"from the person alleged in the indictment,"* the property described, they should find him guilty *as charged in the indictment,* and assess his punishment at confinement in the penitentiary for some period of years not less than two nor more than ten. The verdict returned by the jury was "We the jury find the defendant guilty as charged in the indictment and assess his punishment at confinement in the

State penitentiary for six years." In the judgment no application of this verdict was made to either count, it being merely recited that appellant had been found guilty of theft of property of the value of more than fifty dollars, and receiving and concealing. This, however, is a matter which, under some circumstances, might not be held irremediable, and the judgment might be reformed. We are at a loss to understand why the trial court mentioned both counts of the indictment charging theft, and yet gave the jury no instruction as to the law relative to counts, and contented himself with merely telling the jury, in the event of conviction, to find appellant guilty "As charged in the indictment." As stated above, appellant was charged in the indictment with taking property from each of two men, and while the transaction proved was but of one taking,—what was the possible effect of this upon the minds of the jurors who were laymen. In Knott's case, 93 Texas Crim. Rep. 239, opinion on rehearing, we discussed a question much analogous to this, and held as follows:

"As has already been stated, the court submitted both counts. Nowhere in the charge are the jury told to specify under which count, if any, they might find appellant guilty. That he could not be guilty under both is manifest from what has already been said herein, and from the opinion in the Moore case (supra), and others cited. The jury found appellant guilty as charged in the indictment; they may have understood from the court's charge that he could be found guilty under both counts. They assessed his punishment at confinement in the penitentiary for five years, two years being the minimum. There is no way for us to ascertain whether the jury undertook to assess a joint punishment for both offenses or not. They may have done so. The evidence in the record would support a conviction under either count. Manifestly, it is impossible to say whether a reformation by this court of the judgment in question referring the verdict to either one of the two counts, both of which are supported by the evidence, would not under the circumstances result in an injustice to appellant." In Modica's case, 94 Texas Crim. Rep. 403, opinion on rehearing, we reversed because the jury expressly found the accused guilty under "Counts two and five," and assessed a penalty of more than twice the minimum for the offense charged in each count. As in those cases, so here. We can not tell what was in the minds of the jury when they found appellant guilty "as charged in the indictment," and gave him six years in the penitentiary.

Appellant by exception to the charge called the attention of the trial judge to this situation, and to the fact that under the charge

the jury might believe themselves warranted in convicting upon the counts separately referred to by the court in said charge; and the exception also pointed out the further fact that the jury were given no instruction to the effect that they could not convict but of one count, and further the jury were not told they must state in their verdict of which count, if any, they found the accused guilty. We much regret the necessity for the reversal of a case whose record shows that some one planned and executed the theft of a large quantity of property, and whose trial necessitated the bringing of many witnesses from different parts of the country,—but this court must follow the law, which is plain, and the precedents, which are numerous. We think upon this ground the motion for rehearing must be overruled.

We are of opinion that in the conclusion reached as to the supposed error of the court in not extending his term to allow time to bring in the jurors who had tried the case, in order that their testimony might be heard in support of alleged misconduct of the jury,— we were wrong. The trial court has a discretion in such matters which appellate courts must respect, and not review unless satisfied that there has been abuse of same. Close inspection of this record shows that on March 27, 1929, an unsworn amended motion for new trial was filed, to which were attached no affidavits, but in which was a very general and indefinite allegation of misconduct of the jury. The next day effort was made by appellant to have process issued for said jurors, commanding their presence at the court on March 30th, the last day of the term, the question of the issuance of which process was referred to the court and by him refused. We think the court entirely correct in instructing the clerk not to issue the process. No such motion for new trial was filed as is required by law, nor such as would have justified the issuance of such process. On March 30th the court below sustained the motion of the State's attorney to strike from said amended motion for new trial the paragraph alleging misconduct of the jury. The production at this time by appellant of an affidavit of one juror, who mentioned no name and gave no specific statement of any other juror, but in general terms said the verdict was by lot, and that the failure of the accused to testify had been discussed,—and the further fact of having appellant to then swear to said amended motion, seems to this court to put these matters before the trial court in such way as to make it a case calling upon him to exercise his discretion. The affidavit of the single juror referred to was of date March 24th, and appears to have been in possession of appellant's attorneys from then until

the hearing of the motion for new trial on March 30th, and no sufficient reason is advanced why same was not attached to the motion so the State and trial court might be advised.

The Criminal District Court of Tarrant county was created by the terms of Chap. 77, Acts 35th Legislature, Regular Session, and in regard to the extension of any of its terms, it is provided that the judge may "If he deems it expedient continue the term of said court until the conclusion of such pending trial." With the facts before him in this particular case, we think the trial judge justified in holding it not expedient to extend his term, and in declining to have the jurors summoned.

Being of the opinion that the error first discussed called for a reversal, the motion for rehearing by the State will be overruled.

*Overruled.*