HUGH LUTTRELL v. THE STATE.

No. 13486. Delivered June 4, 1930.
Rehearing granted October 15, 1930.
Reported in 31 S. W. (2d) 818.

The opinion states the case.

*R. E. Eubank* of Paris, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, three years in the penitentiary.

Upon being notified that appellant was coming through the country with a load of whisky, and upon information that if they hurried they might catch him, two officers drove twelve miles out on the

road appellant was supposed to come, and met him. Appellant stopped at their request. One of the officers opened the car door and spoke to appellant, informing him that he had a tip that appellant had a load of whisky and that he would like to look and see. Appellant looked at the officer and said he did not have any. The officer replied that he would not take appellant's word for it, that he would have to look and see, whereupon appellant said "Yes, I have got it." Appellant got out of the car, took his key and went to the back of the coupe, unlocked same, opened it up and disclosed two cases of whisky. The testimony of the other officer supported what has just been set out. Appellant did not testify.

There are five bills of exception. The first complains of the admission of the testimony of the officers, they not having any search warrant, the ground of objection being that they had ample time to have obtained such warrant and did not do so. The bill is qualified by the trial court who declines to approve the statement made in the objections to the effect that the officers had ample time to procure a warrant. Attention is called in the qualification to the fact that there was no testimony to such effect; that the officers were informed that they would "have to hurry," to catch appellant; that it was twelve miles out to where they had to go, and that the officers left in a short time after getting the information. It is further noted by the court in the qualification that while there were magistrates in the precinct who might have issued the search warrant, no showing was made whether they were in their offices, nor how long it might have taken to find them and procure such warrant. We might further observe that appellant himself seems to have opened the back of the car where the liquor was being conveyed. Under facts such as appear in this record no search warrant was necessary. The bill presents no error.

The second bill sets out that four jurors named, upon their voir dire stated that they knew the appellant, and that knowing him might influence their verdict. The State's attorney challenged the jurors for cause. The court sustained the challenge. The bill sets out further that each of said jurors stated to appellant's counsel upon examination that they could try the case regardless of the fact that they knew him, basing their verdict solely on evidence which they might hear from the witness stand. This bill is also qualified, attention being called to the fact that appellant makes no showing that any objectionable juror was forced upon him, nor does he attempt to so show. The court further states that having heard

what the jurors said, he was of opinion that they would not make fair jurors in the case and excused them. If there be any question as to the correctness of the court's action in sustaining such challenge, in order to render it an error for which reversal should be had, the bill should show injury, or such state of facts as to make injury likely.

Another bill complains of the fact that what was said and done by appellant at the time the officers accosted him was so said and done while he was under arrest. We think appellant's words and actions at the time would be res gestae of the offense, and are of the further opinion that his statements concerning the liquor that he had, became admissible in view of the fact that said statements led to the discovery of the whisky in his possession.

The court's charge instructed the jury that if they believed from the evidence beyond a reasonable doubt that appellant then and there unlawfully possessed for the purpose of sale whisky, they should find him guilty under the second count. He was found guilty under the second count. The basis of the objection stated and set out in this bill of exception appears to be that the jury were not required specifically to find that appellant possessed the liquor for the purpose of sale, and further that no evidence supported the theory that he offered to sell or proposed to sell any of such liquor. We do not think the objection to have any merit. Appellant had two cases of liquor, being much more than a quart. Under the law this would justify the inference that his possession was for the purpose of sale, and the court did not err in so stating to the jury, nor did the jury incorrectly conclude him guilty under such facts.

Our attention is attracted to the qualification attached to this bill of exception by the Hon. Geo. P. Blackburn, Judge of the District Court before whom the case was tried, which appears to us worthy of commendation. It sometimes happens that we have conflicts appearing in this court between bills of exception complaining of testimony and the testimony on the point as it appears in the statement of facts, also between recitals in such bills and in other parts of the record, which conflicts give us great difficulty and cause the reversal of cases which otherwise would not occur. In many cases the court is called upon, as the trial court was in the instant case, to pass upon bills of exception at times and places when it is difficult, if not impossible, for him to verify their correctness. We quote the court's qualification:

"I do not certify that the charge, as set out in this bill of exception, was as given by the trial court. I think it is correctly copied in the bill; I am sure that defendant's counsel has in the utmost good faith attempted to copy it correctly; but the charge as given will appear correctly in the transcript, and if there is any difference between the charge as recited in the transcript and in this bill, I then do not certify as to the correctness of the charge as copied in the bill. I do not have the charge at hand at this time."

The fifth bill of exception complains of the refusal of a continuance. The bill is qualified by the trial court's statement showing that appellant had been on bail for a long time prior to the call of this case for trial; that it was not his first continuance, and that he had not asked for any attachment or other process for the absent witnesses, and that he did not show in his application the materiality of any facts sought to be shown by the absent witnesses, nor was there any effort or showing made on the hearing of the motion for new trial that any of said witnesses would have given the testimony expected of them, or that if they had been present there would have been any change in the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant was charged in the first count of the indictment with transportation and in the second count with possession of intoxicating liquor for the purpose of sale. Both counts were submitted, the court omitting to instruct the jury that they could convict on one count only, but on the contrary authorized a verdict of guilty on both counts. The verdict found appellant guilty "under the first and second counts" and assessed the punishment at confinement in the penitentiary for three years. The minimum punishment for either offense is one year. (Art. 689 P. C.) The verdict was received and the judgment condemned appellant to be guilty of the two felonies charged and adjudged that he be punished by confinement in the state penitentiary for an indeterminate term of not less than one year (the minimum prescribed by law) and for not more than three years, the term fixed by the jury. The sentence follows the judgment.

The foregoing state of the record is now on motion for rehearing for the first time called to our attention. By no suggestion was it presented upon original submission.

The judgment should have followed the verdict as to the penalty. (Art. 766 C. C. P.) The indeterminate feature of the punishment is authorized in passing sentence. (See Art. 775 C. C. P.)

The exact point made by appellant in his motion for rehearing is that from the record it appears that upon one trial, under one indictment, he was convicted of two felonies, which is not permissible. The contention must be sustained. We have had occasion to write much on the point recently and find it unnecessary to elaborate further. The reasons for our holding will be found in the early cases of Miller v. State, 16 Tex. App. 417; Crawford v. State, 31 Tex. Cr. R. 51, 19 S. W. 766 and in the more recent cases of Knott v. State, 93 Tex. Cr. R. 239, 247 S. W. 520; Banks v. State, 93 Tex. Cr. R. 117, 246 S. W. 377; Wimberly v. State, 94 Tex. Cr. R. 1, 249 S. W. 497; Hooper v. State, 94 Tex. Cr. R. 278, 250 S. W. 694; Huffhines v. State, 94 Tex. Cr. R. 292, 251 S. W. 229; Reyna v. State, 96 Tex. Cr. R. 320, 257 S. W. 883; Goldstone v. State, 25 S. W. (2d) 852.

The punishment assessed in view of the verdict can only be construed as a joint punishment on conviction for two felonies. We think neither the trial court nor this court could enter or amend a judgment which would not be in conflict with the holding in the authorities cited without ignoring part of a specific verdict which cannot be done. See Hill v. State, 6 S. W. (2d) 763; Wooten v. State, 111 Tex. Cr. R. 524, 15 S. W. (2d) 635; Venturi v. State, 100 Tex. Cr. R. 152, 272 S. W. 211, and authorities cited therein.

Because of the error now apparent from the record the motion for rehearing must be granted, the opinion of affirmance set aside and the judgment of the trial court be reversed and the cause remanded for a new trial.

*Granted.*