## VERNON COMER v. THE STATE.

No. 15023. Delivered March 16, 1932.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing and transporting intoxicating liquor; punishment, one year in the penitentiary.

The indictment contained two counts, one charging possession of intoxicating liquor for purposes of sale, the other charging transportation of such liquor. Both counts were submitted to the jury in the charge of the court. The verdict read as follows: "We, the jury, find the defendant guilty of transporting and possessing intoxicating liquor, and assess his punishment at one (1) year confinement in the penitentiary. H. C. Morgan, Foreman." The judgment of the court recited that appellant had been found guilty "as charged in the indictment, and as

found by the jury". The sentence of the court stated that appellant had been adjudged guilty of "possessing and transporting intoxicating liquor". We can not say more plainly than we have already said that one accused of separate offenses in different counts, can not be convicted of both. Identical cases and proceedings appear in Wooten v. State, 111 Texas Crim. Rep., 524, 15 S. W. (2d) 635, and McBride v. State, 112 Texas Crim. Rep., 274, 16 S. W. (2d) 132, and practically the same question in Luttrell v. State, 116 Texas Crim. Rep., 277, 31 S. W. (2d) 818, upon rehearing.

This is not a case wherein a general verdict was returned, as in Guse v. State, 97 Texas Crim. Rep., 212, 260 S. W., 852, but one in which the verdict specified a finding of guilt of both counts.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*