CURRIE W. CALDWELL v. THE STATE.

No. 14833.   Delivered October 26, 1932.
State's Rehearing Denied February 15, 1933.
Reported in 56 S. W. (2d) 883.

The opinion states the case.

*Lovett & Lovett,* of Corsicana, *Jed C. Adams,* of Dallas, and *Richard and A. P. Mays,* of Corsicana, for appellant.

*Cleo G. Miller,* Criminal District Attorney, of Corsicana, *Henry Tirey,* of Dallas, *J. S. Callicutt,* of Corsicana, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted of assaulting and falsely imprisoning Robert Cerf, in concert with three others, while two of his (appellant's) companions were masked. The punishment was assessed at confinement in the penitentiary for twelve years.

Robert Cerf, the injured party, was returning to his home when an automobile occupied by one Hassell stopped near him. Hassell invited Cerf to enter the car. After the car had proceeded for some distance, Jimmie Nash and Oliver Clapp, who were masked, jumped on the running board of the car and one of them directed a pistol at Cerf. They then carried the injured party to an apartment in Dallas, where he was detained until his father paid a ransom of $15,000 for his release.

Hassell testified that it was at the suggestion of appellant that the crime was perpetrated; it being agreed that they would kidnap the injured party and hold him for ransom, and, further, that a division of the money would be made by the perpetrators of the crime. The father of the injured party responded to an unsigned letter written to him by Hassell, advising him to deliver $15,000 to a certain place in Dallas if he desired the release of his son. This letter contained a threat to do violence to the son if the ransom was not paid. The agent of the father was taking the money to Dallas when he was held up and robbed. Later this money which came into the possession of appellant was divided between the parties, and the injured party was released from custody. The state introduced in evidence appellant's written confession in which he admitted his guilt. Appellant did not testify on the trial of the case.

Section 5 of chapter 63 of the Acts of the Thirty-ninth Legislature, Regular Session (Vernon's Ann. P. C., article 544e), reads as follows: "If any two or more persons acting in concert, or aiding and abetting each other, when either or all of whom are masked, or in disguise, shall assault or shall falsely imprison any other person, each of such persons so offending shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary for any term of years not less than five. The terms 'masked' or 'in disguise' used in this article mean that such person by artificial means has so changed or obscured his usual appearance as to render his identification impossible, or more difficult than it would have been if such mask or disguise had not been used." It was under the foregoing provision that the indictment was drawn. It is appellant's contention that the statute above set out offends against the provisions of article 6 of our Penal Code; his position being that the mask or disguise is not described by any standard that is certain. The indictment alleges that appellant and his companions were masked and in disguise. The exact question presented here was before this court in Dellinger v. State, 115 Texas Crim. Rep., 480, 28 S. W. (2d) 537. In ruling adversely to the contentions of the appellant in Dellinger's case, we asid: "In Anderson v. State (Texas Crim. App.), 21 S. W. (2d) 499, we upheld that part of section 3 of the act (Vernon's Ann. P. C., 454c), which denounces as an offense the disturbance of the inhabitants of a private residence by a masked person, and said that the term 'masked' has a well defined and commonly understood meaning. Giving effect to such holding, we are of the opinion that that part of the statute which denounces an assault or false imprisonment while the offenders are masked definitely and clearly defines an offense. It is unnecessary to express an opinion as to the validity of the remainder of the section. The indictment charges that the offense was committed by the parties while they were masked, and the proof supports the allegation."

The indictment charged that "Currie W. Caldwell * * * then and there acting in concert with Jimmie Nash, Oliver Clapp and Charles R. Hassell, and each of them, and the said Currie W. Caldwell, Jimmie Nash, Oliver Clapp and Charles R. Hassell, and each of them, then and there aiding and abetting each other, and the said Jimmie Nash and Oliver Clapp, and each of them, being then and there masked and in disguise, did then and there unlawfully assault and falsely imprison Robert Cerf; and by means of said assault and by means of actual violence to

the person of the said Robert Cerf, and by the exhibition and use of, a pistol, did then and there wilfully and without authority of law, and against the consent of the said Robert Cerf, detain the said Robert Cerf, and did then and there and thereby, unlawfully and wilfully restrain the said Robert Cerf from removing from one place to another, as he, the said Robert Cerf, might see proper." In his motion to quash, appellant averred that the indictment was duplicitous, in that two offenses were joined in the same count.

The opinion is expressed that the indictment charges two offenses in the same count. The indictment, however, is in substantially the same form as that found in the case of Dellinger v. State, supra. There a motion to quash the indictment on the ground that it was duplicitous was overruled by the trial court. Thereafter in Dellinger's case, the court submitted in the charge the offense of assault while the offender was masked, thereby limiting the state to that offense for a conviction. It appeared in Dellinger's case that the transaction was continuous. There was no cessation in the assault from the moment it began until that of its termination. The blows that were inflicted upon the injured party and the seizure and detention of his person constituted an assault. The indictment in the form in which it was written was the means of bringing into the case no evidence that was not admissible under the averment charging an assault. While it was not conceded in the opinion of the court that the indictment was duplicitous, it was held that if the indictment was duplicitous, the refusal of the court to quash, under the circumstances, was made harmless by the fact that the court, in submitting the case, elected to charge the jury only on the offense of assault while masked. In the opinion on motion for rehearing in Dellinger's case, Presiding Judge Morrow used language as follows:

"The most that can be urged against the indictment in the present instance is that by the averments therein there was nominally carved two offenses out of a single act or transaction, a fault (if it be a fault), which was corrected by the abandonment of that part of the indictment which charged the alleged offense of imprisonment; and in the charge restricting the state's right to a conviction to that part of the indictment alone which charged on assault. If there was error in refusing to quash the indictment (which is not conceded), it was made harmless by the forced election to rely upon the charge of assault."

In the present case the transaction was continuous. There

was no cessation in the assault from the moment it began until that of its termination. The exhibition of a pistol by one of appellant's companions, and the seizure and detention of the injured party's person constituted an assault. The indictment in the form in which it was written was the means of bringing into the case no evidence that was not admissible under the averments charging an assault, or that charging false imprisonment while masked. Under the circumstances, we are unable to reach the conclusion that the mere fact that the court failed to sustain a motion to quash would warrant a reversal of the judgment. However, appellant did not content himself with presenting a motion to quash, but followed the matter up by requesting the court, after the conclusion of the evidence, to require the state to elect as to the offense for which a conviction would be sought. This motion being overruled, appellant objected to the charge of the court on the ground that it submitted two offenses to the jury. After the jury had returned a general verdict finding him guilty as charged in the indictment, and assessing his punishment at twelve years' confinement in the penitentiary, appellant, in his motion for a new trial, urged that he had been convicted of two offenses. In entering judgment the court applied the verdict of the jury to the single offense of assault by a person masked.

As we have heretofore stated, we are of the opinion that the section of the statute under which appellant was convicted defines two offenses, and that the indictment in a single count charges two offenses. At the time of the enactment of the statute under consideration, article 1138 of the Penal Code defined an assault. Article 1169 contained the definition of false imprisonment. In other words, two articles defined separate and distinct offenses. It might be that false imprisonment involves an assault; it being the announcement of the decisions that an illegal arrest is regarded in law as a continuous assault of an aggravated nature. Dellinger v. State, supra, and authorities cited. However, we do not think that an assault necessarily involves the commission of acts constituting false imprisonment. It is apparent that the statute condemns the commission of an assault upon another by two or more persons, acting together, while masked, and also that another distinct and complete offense is defined, that is, false imprisonment of another by two or more persons acting together while masked. Undoutedly the Legislature, in passing article 454e, under which this prosecution proceeded, took as its basis the two separate and distinct misdemeanors heretofore named, towit, assault and false

imprisonment, and enhanced the penalty for the commission of such offenses when it was shown that the offender was masked.

In submitting the case to the jury the court, in one paragraph of the charge, gave the statutory definition of assault, and subsequently, in another paragraph, set forth the statutory definition of false imprisonment. Thereafter, in applying the law to the facts, the court instructed the jury, in substance, to convict appellant if they believed from the evidence beyond a reasonable doubt that he, acting with his companions, committed an assault, as that term has been defined in the charge, upon Robert Cerf, or if he falsely imprisoned the said Cerf, as false imprisonment had been defined in the charge, while appellant's companions were masked. The court said in the charge: "Then if you do so believe beyond a reasonable doubt you will find the defendant Currie Caldwell guilty of committing an assault while masked or in disguise as charged in the indictment, or falsely imprisoning Robert Cerf, while masked or disguised, as charged in the indictment, and you will assess his punishment at confinement in the state penitentiary for any term of years not less than five." The verdict was general, finding appellant guilty as charged in the indictment, and assessing the penalty at 12 years, which was more than double the minimum punishment.

It is the general rule that the accused can not be convicted for two felonies on one trial under one indictment, and that it is a matter of such fundamental error as calls for a reversal. Knott v. State, 93 Texas Crim. Rep., 239, 247 S. W., 520, and authorities cited. It is also the rule that a general verdict may be applied to whichever of plural counts in the indictment is supported by the proof. Knott v. State, supra. But in the present case the general verdict could not be applied to the offense of assault because of the fact that appellant's punishment was assessed at more than the minimum. Goldstone v. State, 114 Texas Crim. Rep., 442, 25 S. W. (2d) 852; Knott v. State, supra; Horn v. State, 117 Texas Crim. Rep., 22, 35 S. W. (2d) 145.

As heretofore pointed out, if the court had submitted one offense to the jury, the refusal to quash the indictment, under the circumstances, would not have brought about a reversal of the judgment. Upon another trial the court should submit only one offense in the charge to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The offense created by section 5 of chapter 63, of the General Laws of the 39th Legislature, makes penal him who, acting in concert with others, masked or in disguise, "shall assault or shall falsely imprison any other person." Examination of article 1169, P. C., defining false imprisonment, reveals that one element of said offense is, *by an assault;* and in Judge Willson's Criminal Forms, 486, he lays down the making of an assault as one of the things to be alleged in charging the offense of false imprisonment. It seems clear to the writer that in drawing the indictment herein the intent of the pleader was to charge false imprisonment by this appellant and others acting in concert, some of whom were masked and in disguise.

Said indictment, omitting formal parts, charges that: "Currie W. Caldwell, in the County of Navarro and State of Texas, then and there acting in concert with Jimmie Nash, Oliver Clapp and Chas. R. Hassell, and each of them, and the said Currie W. Caldwell, Jimmie Nash, Oliver Clapp and Chas. R. Hassell, and each of them, then and there aiding and abetting each other, and the said Jimmie Nash and Oliver Clapp, and each of them, being then and there masked and in disguise, did then and there unlawfully assault and falsely imprison Robert Cerf; and by means of said assault and by means of actual violence to the person of the said Robert Cerf, and by the exhibition and use of a pistol, did then and there wilfully and without authority of law, and against the consent of the said Robert Cerf, detain the said Robert Cerf, and did then and there and thereby unlawfully and wilfully restrain the said Robert Cerf from removing from one place to another, as he, the said Robert Cerf, might see proper, contrary to the forms of the statute in such cases made and provided, and against the peace and dignity of the State.

"S. B. Jordan, Foreman of the Grand Jury."

There is no duplicity in said indictment, when considered as has just been indicated. True, under the terms of said section 5, chapter 63, supra, an offense would be charged if the pleader had omitted from the indictment everything except the averment of an assault, but he saw fit apparently to allege the more comprehensive charge of false imprisonment; and the fact that

therein appears the element of an assault pleaded furnishes no reason for an exception to the indictment on the ground of duplicity.

The charge of the trial court was excepted to because it, in effect, told the jury that appellant was charged with two felonies; also because it authorized the jury to convict appellant of two felonies, and failed to require them to elect upon which offense they would base a conviction.

Examining the charge, we note that the court in paragraph four gave an extended definition of assault; and also of false imprisonment. In paragraph six the jury were instructed that if they found and believed from the evidence beyond a reasonable doubt that appellant, acting in concert with others named, some one or more of whom were masked or in disguise, "did commit an assault, as heretofore defined, upon C by the use of a pistol or actual violence as alleged, OR did falsely imprison said C, as that term has been defined to you,—then if you so believe beyond a reasonable doubt, you should find appellant guilty,—'of committing an assault while masked or in disguise,' as charged in the indictment, OR falsely imprisoning C while masked or in disguise, as charged in the indictment,— and you should assess his punishment at confinement in the penitentiary for any term of years not less than five." The verdict returned found appellant guilty "as charged in the indictment," and fixed his punishment at twelve years in the penitentiary. In his judgment on said verdict the trial court adjudged that appellant had been found guilty of an assault on C while masked, etc.

In Goldstone v. State, 114 Texas Crim. Rep., 446, we discussed an almost identical point. In that case there were two counts, and the charge was excepted to because it did not tell the jury they could not convict of but one count, and because it did not tell the jury to state in their verdict of which count, if any, they found the accused guilty. The verdict in that case was general and in terms like that here.

The case at bar differs from the Goldstone case, supra, in this: That here, while there was but one count in the indictment, still, as clearly evidenced by the charge and the court's application of the verdict to the offense of an assault, it was regarded that two offenses were charged in the indictment, and same were accordingly so submitted in the charge in which the jury were told to find the accused guilty of the one offense, if they found the facts so and so, but of the other if they reached a different conclusion. In the face of this express instruction

by the court, he received from the jury a verdict not specifying of which offense they found the accused guilty; but on the contrary find him guilty generally "as charged in the indictment," and fixing a penalty at more than double the minimum penalty for either 'offense, or either phase of the offense submitted.

After having given the charge above set out, it appears clear that the learned trial judge in the instant case should not have received the verdict returned, and should have called the jury's attention to their failure to specify of which offense or phase of the offense they found appellant guilty. They may have intended to find him guilty of only one offense, in which event their attention being thus challenged, their subsequent verdict would have expressed their intention; but this was not done, and we can not tell, nor under facts like those in this case, when considered in the light of the charge given, can we indulge speculation.

So believing, we are constrained to overrule the State's motion for rehearing, and it is acordingly so ordered.

*Rehearing overruled.*