### R. R. JOHNSON V. THE STATE.

No. 16383. Delivered January 10, 1934.
Reported in 67 S. W. (2d) 295.

148

The opinion states the case.

W. B. Howard, of Childress, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

The first count of the indictment charged appellant with selling intoxicating liquor, and in the third count it was averred that appellant possessed intoxicating liquor for the purpose of sale. Both counts were submitted in the charge of the court. The verdict of the jury was as follows: "We the jury find the defendant R. R. Johnson guilty under the first and third counts of the indictment, and assess his punishment at confinement in the state penitentiary for two years." The judgment condemned appellant to be guilty of the two felonies charged, and adjudged that he be punished by confinement in the penitentiary for an indeterminate sentence of not less than one nor more than two years. The sentence followed the judgment.

That a conviction cannot be had for two felonies in one indictment is well settled. Wooten v. State, 15 S. W. (2d) 635, and authorities cited; Luttrell v. State, 31 S. W. (2d) 818; Comer v. State, 47 S. W. (2d) 615. In the present case the verdict specifically found appellant guilty of two felonies: (1) Possessing intoxicating liquor for the purpose of sale; and (2) selling intoxicating liquor. If the court below had undertaken to enter a judgment condemning appellant to be guilty of only one of such felonies, it would have ignored the specific finding of the jury upon the other felony, which the trial court would have no right to do. Wooten v. State, supra. This court cannot, under the guise of reforming the judgment, ignore a part of the verdict and do that which the trial court had no authority to do.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.