## CLAUD HOLDER MORGAN v. THE STATE.

No. 23342. Delivered May 1, 1946.

The opinion states the case.

*Preston P. Mangum,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the penitentiary for a period of two years.

Appellant brings forward a number of complaints. The first is that the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty on the ground that the evidence is insufficient to justify and sustain a conviction.

The record reflects that at the time in question Harry V. Leonhardt owned a two-story building located at 4526 Bryan Street in the City of Dallas. He used the ground or lower floor in which to conduct a cafe, while he and his family occupied the upper story as their residence; that he had an exhaust fan on the side of his restaurant which took out the fumes and smoke. This fan was approximately 17 1/2 inches in diameter. On the night of July 14, 1944, after Mr. Leonhardt had closed his business and retired for the night, he heard a noise which continued for some time and then heard something that sounded like the lid from a garbage can which had fallen to the floor, whereupon he called the police, who immediately responded to his call. Upon their arrival they found the side door unlocked with a broom handle between the jam and the door. They entered the building and found appellant sitting in one of the booths with a black jack and an ice pick under him which belonged to Mr. Leonhardt. The officers arrested appellant and inquired of him how he had entered the building. He pointed to the exhaust fan. An invesigation of the fan disclosed that the blades were all bent back and the grease, that had settled on the inside, had been wiped off and partly removed. Appellant, who was nude from his shoulders to his waist, had considerable grease on his shoulders and body, which no doubt adhered to his body when he crawled through the opening of the fan.

Appellant did not testify or offer any affirmative defense. We deem the evidence ample to sustain his conviction.

By Bills of Exception Nos. 1 and 2 he complains of the following remarks of the prosecuting attorney, to-wit:

"Where was this defendant in 1944 when the war was going on and good honest boys shedding their blood on Iwo Jima and other places? Where do we find this defendant then? In Mr.

Leonhardt's place, broke into it and tore up the place. Talk to me about honest people."

Appellant objected to the remarks, whereupon the court promptly instructed the jury to disregard them. The court qualified both bills, and as qualified they fail to reflect any error.

By Bills Nos. 3 and 4 appellant complains of the following remarks of the prosecuting attorney in his argument to the jury:

"Where do we find Claud Holder Morgan in 1944? There has not been any disinterested man come up here and said this man did one day's work for him; not one preacher on this stand who said he ever attended church one time."

Appellant objected to the remarks on the ground that it was a comment on his character. These bills are also qualified by the court, who states in his qualification thereof, among other things, that he promptly sustained the objection and instructed the jury to disregard the same. We fail to understand how the argument complained of could possibly have injuriously affected his legal rights inasmuch as the State's evidence established his guilt beyond any doubt and the jury assessed the minimum punishment prescribed by law for the offense with which he was charged. In support of the opinion here expressed we refer to Garsee v. State, 96 Tex. Cr. R. 532, and Knott v. State, 98 Tex. Cr. R. 178.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.